## COMMERCIAL STANDARD INSURANCE COMPANY V. GEORGE W. MOORE.

No. A-688. Decided November 21, 1945.
Rehearing overruled December 29, 1945.
(190 S. W., 2d Series, 811.)

*Underwood, Johnson, Dooley & Wilson,* of Amarillo, for petitioner.

It was error for the Court of Civil Appeals to reverse the judgment of the trial court upon the claim of an unanimous mistake of a clerical nature, when the trial court had exercised his discretion in overruling a new trial based upon evidence that the answer to the special issue resulted from a misunderstanding of the issue and not from a clerical mistake. Burchfield v. Tanner, 142 Texas 404, 178 S. W. (2d) 681; Commercial Standard Ins. Co. v. Miller, 48 S. W. (2d) 618.

*K. H. Dally,* of Borger, and *Norman Coffee,* of Stinnett, for respondent.

MR. JUSTICE SHARP delivered the opinion of the Court.

Commercial Standard Insurance Company filed this suit to set aside an award of the Industrial Accident Board in favor of George W. Moore. In the trial court Moore filed a cross petition alleging his cause of action, and the trial court designated Moore as plaintiff and the Commercial Standard Insurance Company as defendant. The case was submitted to the jury upon special issues, and based upon the answers of the jury to such special issues the trial court entered judgment in favor of the Commercial Standard Insurance Company. Moore appealed to the Court of Civil Appeals, where the judgment of the trial court was reversed and the cause remanded. 188 S. W. (2d) 793.

The writ of error in this case was granted on the contention made by petitioner as follows:

"The evidence heard by the trial court clearly warranted its conclusion that the jury agreed that special issue 9 should be answered, as it was, by the word 'No,' and that any error in the answer resulted from misunderstanding of the issue and not from a clerical error in incorrectly transcribing the answer agreed upon; whether a new trial should be granted therefore lay within the sound discretion of the trial court; and, the trial court having exercised that discretion by denying a new trial, the Court of Civil Appeals materially erred in reversing the judgment of the trial court upon the claim of a unanimous mistake of a clerical nature."

Article 8306, Section 12b, of the Workmen's Compensation Law, Vernon's Annotated Civil Statutes, reads in part as follows:

"Sec. 12b. In all claims for hernia resulting from injury sustained in the course of employment, it must be definitely proven to the satisfaction of the board:

"1. That there was an injury resulting in hernia.

"2. That the hernia appeared suddenly and immediately following the injury.

"3. That the hernia did not exist in any degree prior to the injury for which compensation is claimed.

"4. That the injury was accompanied by pain."

Moore alleged that he sustained a hernia on July 13, 1943, while in the course of his employment, and that it resulted in his permanent and total disability. The Commercial Standard Insurance Company denied his allegations. The Court of Civil Appeals in its opinion said:

"The case is before this court on one point of error only, to the effect that the trial court should have granted appellant a new trial, and it erred in 'overruling the plaintiff's motion for a new trial, since the answer of the jury to special issue No. 9 did not reflect the finding of the jury, but was in the nature of an unanimous clerical error.' "

Many issues were submitted to the jury and were answered by them. The trial court without any objection submitted special issue No. 9 in the following language:

"Do you find from a preponderance of the evidence, if any, that said hernia, if any, on the left side of said plaintiff, George W. Moore, did not exist in any degree before the accident, if any, on the 13th day of July, 1943?"

To which the jury answered "No."

Based upon the answer of the jury to such issue, the Commercial Standard Insurance Company requested that judgment be entered in its favor; which was done by the trial court. Afterwards Moore filed a motion for rehearing, and contended that the answer of the jury to special issue No. 9 was an unanimous clerical error on the part of the jury. Certain jurors testified on the motion for new trial, and the trial court held, after hearing the evidence, that the allegations contained in said motion had not been sustained, and overruled said motion.

We copy the following from the opinion of the Court of Civil Appeals on motion for rehearing in this cause:

"Appellee has requested a supplemental finding to the effect that the jury agreed upon the word 'No' as an answer to special issue No. 9, and approved the act of the foreman in writing such word as their answer to the special issue. A finding to that effect was made in our original opinion in the language of the foreman of the jury, Germany, given as a witness before the court on the hearing for a motion for a new trial as follows: 'The jury was in agreement that the answer to be given to special issue No. 9 was the word "No." ' We likewise stated that the other jurors who testified at the hearing corroborated the testimony of the foreman."

■ As we construe the opinion of the Court of Civil Appeals, it disagrees with the legal effect of the evidence heard by the trial court on the motion for rehearing. The trial court held that it was not an unanimous clerical error, and overruled the motion for a new trial. The Court of Civil Appeals held that it was an unanimous clerical error, that the rule announced in the case of Caylat v. Houston, E. & W. T. R. Co., 113 Texas 131, 252 S. W. 478, controlled, and reversed and remanded the cause. In other words, the trial court and the Court of Civil Appeals differed as to the legal effect of the evidence and what rule was applicable. The holding of the Court of Civil Appeals in this case gives this Court jurisdiction to pass upon this question. Burchfield v. Tanner, 142 Texas 404, 178 S. W. (2d) 681; Galveston, H. & S. A. Ry. Co. v. American Grocery Co., 122 Texas 1, 36 S. W. (2d) 985; Marshburn v. Stewart, 113 Texas 507, 518, 260 S. W. 565; Tweed v. Western Union Tel. Co., 107 Texas 247, 177 S. W. 696, 177 S. W. 957; Beck v. Texas Co., 105 Texas 303, 148 S. W. 295.

■ This Court in the recent case of Burchfield v. Tanner, supra, said:

"It is the established rule that relief may be had from the unanimous mistake of the jury in the nature of a clerical error in announcing or transcribing its verdict already arrived at, but it is equally well established that such mistake must always be one of that nature as contradistinguished from a mistake in the interpretation of the evidence, or of the charge of the court, or of the legal effect of the answers, or of some other similar mistake."

Eee also the case of Commercial Standard Insurance Co. v. Miller, 48 S. W. (2d) 618 (Com. App.).

■ The verdict of the jury was reached in a due and orderly proceeding, and was announced in open court without objection. There was no ambiguity about the answer of the jury to special issue No. 9. After rendering their verdict the jurors were dismissed, and this record shows that upon their dismissal they went to various places. In fact, some of the jurors could not be located to testify on the motion for a new trial. If litigants were permitted to inquire into the reasons of jurors for agreeing to answers made to special issues, based upon their interpretation of the evidence, or of the charge of the court, or of the legal effect of their answers, it would create confusion, and would be productive of more harm than good. It certainly would not add anything to the verity of verdicts and judgments, nor would it safeguard the rights of litigants.

The trial court heard the evidence, and in the exercise of its discretion overruled the motion for a new trial. The Court of Civil Appeals erred in reversing the judgment of the trial court and remanding the cause. Therefore the judgment of the Court of Civil Appeals is reversed, and that of the trial court is affirmed.

Opinion delivered November 21, 1945.

Rehearing overruled December 29, 1945.