**CITY OF CARROLLTON, Appellant,**

**v.**

**A. A. RAWLINS, Appellee.**

No. 3238.

Court of Civil Appeals of Texas.

Eastland.

June 8, 1956.

Rehearing Denied June 29, 1956.

·Henry Wade, Dist. Atty., Dallas, for appellant.

W. F. Bane and Lee S. Bane, Dallas, for appellee.

LONG, Justice.

The City of Carrollton instituted this suit to condemn property of A. A. Rawlins for highway purposes. Rawlins, not being satisfied with the award of the commissioners, filed his objections thereto. Upon a trial the jury awarded Rawlins $35,210 for the land and improvements taken by the city. Judgment for this amount was rendered on the verdict. The city has appealed.

Appellant contends the trial court erred in overruling its motion for a new trial, which was based on misconduct of the jury. Appellant alleged in its motion for a new trial that the jury in its deliberation unanimously agreed to award damages for the improvements on said property as follows: cafe building, $7,000; ice house, $2,000; barbeque pit, $350; pump house, $100; making a total of $9,450 for improvements. It is further alleged that the jurors unanimously agreed to award damages for the land on the basis of $70 per front foot for each foot of land fronting on United States Highway 77 North; that the jury unanimously made a mistake as to the frontage owned by appellee on United States Highway 77 in that they thought that appellee owned 368 feet along said highway when in truth and in fact he owned only 312.9 feet; that in computing the damages to the land they used 368 feet as a basis instead of the correct frontage of 312.9 feet. The issue submitted to the jury was as follows:·

"From a preponderance of the evidence, what do you find was the reasonable cash market value of the A. A. Rawlins property with all the improvements thereon, condemned by the City of Carrollton for the extension of U. S. Highway 77 North, at the time it was condemned, April, 1955?

To this issue the jury answered $35,210. All of the jurors testified on the hearing of the motion for a new trial.

The most that can be said about the evidence on the motion is that the jurors misinterpreted the facts in calculating the damages suffered by appellee. They used 368 feet instead of the correct footage of 312.9 feet; that the total amount of the verdict should have been $31,353. However, we are of the opinion that the evidence is not conclusive on this question. There is evidence that there was no mistake made in such calculations. But, conceding that the jurors did use the incorrect footage along the highway, we still believe the trial court did not err in overruling the motion for a new trial. The evidence discloses that the jurors all agreed on $35,210 as the amount that should be awarded appellee for the land taken and the improvements thereon. They instructed the foreman to write this amount in their verdict. The law seems to be well settled that a unanimous mistake in the nature of a clerical error in announcing or transcribing a verdict may be inquired into and when clearly shown requires a new trial. It is equally well settled that a mistake in interpretation of the evidence or some similar mistake is not ground for setting aside a verdict. There was no clerical error in the verdict. The jurors all agreed to the amount written in the verdict by the foreman. They appeared in open court and announced they had reached a verdict and each juror in answer to an inquiry from the court stated that it was his verdict. The mental process or reasoning by which a juror reaches his verdict may not be inquired into. A juror may neither preserve nor destroy his verdict by testifying to the mental process by which he

reached it. Caylat v. Houston E. & W. T. R. Co., 113 Tex. 131, 252 S.W. 478; Morrison v. Sewell, Tex.Civ.App., 4 S.W. 2d 1029 (Error Ref.); Sproles Motor Freight Lines v. Long, 140 Tex. 494, 168 S.W.2d 642; Commercial Standard Ins. Co. v. Moore, 144 Tex. 371, 190 S.W.2d 811. The judgment of the trial court is affirmed.