## HARRIS COUNTY FLOOD CONTROL DISTRICT, Appellant,

v.

### Joan Olive Robinson HILL et al., Appellees.
#### No. 13678.

Court of Civil Appeals of Texas.

Houston.

July 13, 1961.

Rehearing Denied Sept. 7, 1961.

Joe Resweber, County Atty., Alvin K. James, Asst. County Atty., Houston, for appellant.

Fred Parks and Fred A. Collins, Houston, for appellees.

BELL, Chief Justice.

The appellant condemned 1.705 acres of land belonging to appellee, Mrs. Hill. This 1.705 was off of the west end of a five acre tract. The five acre tract fronts on Riceville Road for a distance of about 280 feet and runs back west between parallel lines about 776 feet. The part taken off the west end has no outlet to a road except across the adjoining land of appellee.

The jury, in response to Special Issue No. 1, found the market value of the land taken, considered as severed land, to be $13,600. It also found the market value of the remaining part of the tract at the time of the taking to be $26,400 and that the value of the remainder after taking was $19,800.

The court rendered judgment for appellees for $20,200.

Appellant makes four complaints here:

1. The trial court erred in allowing appellees' witness, Duncan Allen, to testify as to the sale of another piece of property because such tract of land was improved with a house, while the 1.705 acre tract here condemned was unimproved and the properties were thus not comparable.

2. The court erred in not striking the testimony of appellees' witness, Allen, expressing his opinion as to the market value of the land taken because he determined its value as a part of the whole tract and not as severed land.

3. The court erred in entering judgment on the jury's verdict because its answer to Special Issue No. 2 had no support in the evidence.

4. There was no support in the evidence for the jury's answer to Special Issue No. 3.

The theory of appellant as to its third and fourth complaints is that no witness gave his opinion that the value of the remainder before and after the taking was the amount found by the jury but the amount found was below any amount testified to by any witness.

The evidence here shows that the part of the tract taken was not improved except it had on it a part of the chain link fence that surrounded the entire five acre tract. However, it should be noted that the five acre tract was improved. It had on it a residence, a guest house, a barn and a swimming pool, and other lesser improvements. One of the sales testified to by appellees' witness Allen as a factor considered by him in determining value was a neighboring tract with a residence on it.

■ We hold this was not error. Not only was the value of the strip of land taken a material issue but also the market value of the remainder of the tract which was improved was material. Certainly, in determining its value the witness could consider the sales price of the other improved tract and could give it to the jury as being a factor he considered in determining the value. When this witness was testifying, he was testifying to both the value of the strip taken and the value of the part that remained and which was improved. Too, under the particular facts of this case, the witness testified that the improvements on the tract sold were in his opinion, and the owner's opinion, of the value of $4,500 to $5,000, leaving the land worth about $8,000 per acre.

We do not deem the case of City of Austin v. Cannizzo, 153 Tex. 324, 267 S. W.2d 808, cited by appellant, to be applicable. There the tract taken and the part not taken were both unimproved.

The court did not err in refusing to strike the testimony of appellees' witness Allen giving his opinion as to the market value of the strip taken. Appellant relies on the case of State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194, which holds that in submitting the case to the jury the issue submitting the question as to the value of the strip taken, where less than the whole of a tract is taken, should be framed so as to inquire as to the value of such strip considered as severed land. The principle was reaffirmed in City of Austin v. Cannizzo, supra. The effect of appellant's position is that the witness' appraisal of the strip must be of it as a totally separated piece of property.

Under the facts of this case, we are of the view that the testimony of the witness shows his appraisal of the tract taken was on a basis of its being a segregated tract. The only consideration the witness gave as reflected by the testimony to its being a part of the larger five acre tract was the fact that unity of ownership would give access to the part taken. There is nothing in this consideration that would present double recovery, which the Carpenter case sought to avoid. The witness testified he based his appraisal on the part taken, considering it as severed land. At one point he did say he considered it as a part of the whole tract, but his testimony immediately following was to the effect that he considered only the fact of unity of ownership because this would afford access to the land. Actually this was saying no more than that the segregated tract had this value in part because it had access to a road since the owner also owned the adjoining (the remainder) tract that fronted on Riceville Road. If appellees sold the part taken, if no means of access was provided for, equity would establish a means of access across the balance of the five acre tract by creating an easement by necessity.

■ Finally, appellant contends there was no evidence to support the jury's answers finding the market value of the remainder before and after taking because

the values found were lower than any amount expressed in the opinion of any witness.

There was evidence. The jury is not bound by opinion evidence in a case of this kind. It may ignore this opinion evidence and draw its own conclusion from other evidence as to the ultimate issue of market value. Simmonds v. St. Louis, B & M Ry. Co., Tex.Com.App., 127 Tex. 23, 91 S.W. 2d 332, and authorities there cited and discussed.

Here there was other evidence from which the jury could arrive at its own opinion as to the market value of the remainder of the tract. We will not notice all of such evidence, but only so much as to show there was some evidence to support the jury answers.

The property was bought for the primary purpose of using it for breeding, raising and training fine show horses. It was adapted to said use so long as there were five acres available. This was testified to by several witnesses who were qualified. Too, such witnesses testified it was not suitable for such purpose with only three acres remaining. Mr. Robinson, the father of Mrs. Hill, testified he assisted in buying the property and before buying looked over the area and inquired of prices being asked and about sales made. Appellee bought the property about two years before the date of taking. She paid $37,500 for it. Mr. Robinson testified in his opinion the land was, at the time of purchase, of the value of $6,000 per acre and the improvements were worth $7,500. The house was in a bad state of repair. The guest house was in a bad state of repair. The house was rented to a family who looked after the property. The rental was $160 per month. There was testimony from other witnesses as to the bearing of rental on the market value of property. Too, other witnesses testified as to the general increase in values of property between the time of purchase and the time of the taking. There was testimony of witnesses as to various sales prices, which were verified, of comparable property, at least affecting the value of the land on which the improvements stood. There was one verified sale of an improved piece of property and the verified price was before the jury.

There was also testimony that the property was adapted to use for subdividing for homes though it would not be as valuable for such purpose and there was testimony as to its value per acre for such purposes.

This recital of the evidence, which was before the jury, suffices to show there was evidence to support the jury's findings in answer to Special Issues Nos. 2 and 3. They could, and did, use it to draw their own conclusion as to market value of the remainder.

The judgment of the trial court is affirmed.