Jocelyn H. LEE et ux., Appellants,

v.

BRISCOE IRRIGATION COMPANY, Appellee.

No. 13821.

Court of Civil Appeals of Texas.

Houston.

Nov. 2, 1961.

Rehearing Denied Nov. 16, 1961.

Wellborn & Britt, Charles W. Britt, Alvin, for appellants.

Davis, Kee & Thomas, Wiley Thomas, Angleton, for appellee.

COLEMAN, Justice.

Appellant, Jocelyn H. Lee, has appealed to this Court from a judgment rendered by the County Court of Brazoria County, Texas, awarding damages in a condemnation action instituted by the Briscoe Irrigation Company.

Because of stipulations entered into by the parties, only three issues were submitted to the jury. These issues were:

### Special Issue No. 1

"From a preponderance of the evidence what do you find was the market value of the strip of land condemned by Briscoe Irrigation Company for irrigation purposes at the time it was condemned, considered as severed land?"

### Special Issue No. 2

"From a preponderance of the evidence what do you find was the market value of defendants' track of land, exclusive of the strip of land condemned, immediately before the strip was taken for irrigation purposes, that is, June 10, 1960?"

### Special Issue No. 3

"Excluding increase in value, if any, and decrease in value, if any, by reason of benefits or injuries received by defendants in common with the community generally and not peculiar to them and connected with their ownership, use, and enjoyment of the particular tract of land across which the strip of land has been condemned, and taking into consideration the uses to which the strip condemned is to be subjected, what do you find from a preponderance of the evidence was the market value of the remainder of defendants' tract of land immediately after the taking of the strip condemned for irrigation purposes?"

To each of these issues the jury answered: "313.00." The trial court entered judgment in favor of appellant in the sum of $713.64. It was stipulated that the tract of land owned by appellant contained 20 acres and that the strip condemned contained 2.28 acres. The trial court evidently considered that the jury intended to answer the issues $313 *per acre*. Four expert witnesses testified and their estimates of the market value of the land ranged from a low of $200 *per acre* through $250 *per acre* and $450 *per acre* to a high of $500 *per acre*.

On motion for new trial, appellant has attacked the answers of the jury and the judgment of the court as being against the great weight and overwhelming preponderance of the evidence and as being supported by insufficient evidence. Error was also assigned to the action of the court in entering judgment in a sum contrary to the verdict of the jury.

The verdict of the jury is not ambiguous, although considering the entire verdict in light of the testimony of the expert witnesses, it may seem obvious that the jury intended their answers to be market value *per acre*. The special issues submitted by the court were written in clear

language and cannot be construed to call for a per-acre answer. The issues and the answers considered alone would not compel the conclusion that the jury intended their answers to reflect a per-acre value. Appellants' motion for new trial did not allege error on the part of the jury and no testimony was taken to determine the intention of the jury in answering as they did. The trial court could not correct the mistake made by the jury. Even if it could be considered that the answers to the special issues as returned into court resulted from clerical error, such errors were not corrected by the jury. The only relief which a trial court properly can grant to correct a jury error is a new trial. Burchfield v. Tanner, 142 Tex. 404, 178 S.W.2d 681, Tex.S.Ct.; Caylat v. Houston E. & W. T. Ry. Co., 113 Tex. 131, 252 S.W. 478, Tex. Com.App., opinion adopted.

■ However, it cannot be assumed that a unanimous mistake in the nature of a clerical error was made by the jury,—this fact must be proven. Caylat v. Houston E. & W. T. Ry. Co., supra. It seems more likely that the mistake resulted from the failure of the jury to understand the issues they were answering. In such a case the mistake cannot be corrected after the jury has been discharged and has dispersed. Commercial Standard Insurance Co. v. Moore, 144 Tex. 371, 190 S.W.2d 811, Tex. S.Ct.; Adams v. Houston Lighting & Power Co., 158 Tex. 551, 314 S.W.2d 826, Tex. S.Ct. This Court must consider the judgment of the trial court in light of the answers to the special issues as returned into court by the jury.

■■ The answer of the jury to Special Issue No. 1, i. e., $313, is supported by the evidence. While the answer would not be supported if only the testimony of the expert witnesses could be considered, there was other evidence from which the jury could have reasonably concluded that the value of the 2.28 acre strip was $313. Market value may be determined without the assistance of the testimony of expert witnesses. Simmonds v. St. Louis, B. & M. Ry. Co., 127 Tex. 23, 91 S.W.2d 332, Com. App.; Harris County Flood Control District v. Hill, Tex.Civ.App., 348 S.W.2d 806.

■ The jury's answers to Special Issues Nos. 3 and 4 are clearly against the great weight and preponderance of the evidence. There was testimony that a 10.03 acre tract in the general vicinity sold for $86.55 per acre and that another tract sold for $90 per acre. The lowest value given this land by any of the expert witnesses was $200 per acre, or $3,544. It is evident that the answers were not responsive to the questions asked and resulted from the failure of the jury to understand the issues.

The effect of the jury's answers to these issues was that the taking of the 2.28 acre strip of appellants' land did not affect the value of the remainder of the land. Since the trial court must render judgment based on the answers made by the jury to the issues submitted to them, the judgment entered herein is based on findings of fact that are not supported by the evidence.

■ The error of the court in rendering judgment in the amount of $713.64 is favorable to appellant, and, insofar as it reflects the action of the court in disregarding the answer of the jury to Special Issue No. 1, he cannot be heard to complain. However, the court necessarily rendered judgment finding no damage to that portion of the tract of land remaining after condemnation.

In Houston Belt & Terminal Ry. Co. v. Lynch, 221 S.W. 959, Tex.Com.App., the jury found, in answer to issues concerning the market value of property before and after certain construction, that the value before was $2,750 and the value after was $1,450. The trial court entered judgment for $1,300. The defendant in the trial court appealed, contending that the verdict of the jury on the question of the value after the construction was without support in the evidence since the least amount testified to by any witness was $1,500. On appeal the Court of Civil Appeals sustained the assign-

ment, but affirmed the judgment on the filing of a remittitur in the sum of $50. In the Supreme Court it was urged "that the power of the Court of Civil Appeals to suggest remittiturs, and affirm upon the filing thereof, is limited to cases in which the verdict and judgment are excessive, and does not exist and cannot be exercised for the purpose of reforming answers of juries to special issues; that the effect of the action of the Court of Civil Appeals was to substitute an answer which the jury did not make, but which they might have made, for one which they did make, thus conforming the answer to some, but not the undisputed, testimony in the case, and thereby depriving defendant of its constitutional right to a trial by jury." The court held:

"In virtue of article 1626, R.S.1911, Courts of Civil Appeals are not thus limited. Upon the reversal of a cause, those courts are authorized to render such judgment as the court below should have rendered. This does not restrict the Court of Civil Appeals to the entry of such judgment as the judge of the lower court should have rendered upon the verdict of the jury in case of a jury trial. 'The court,' as used in the above-mentioned article, means a body organized to administer justice, and includes judge and jury. Henne & Meyer v. Moultrie, supra [97 Tex. 216, 77 S.W. 607].

"It does not follow, however, that this article empowers the court, upon concluding that the finding of the jury upon a material fact or issue is not supported by the evidence, to reform such finding to make it conform to some, but not the undisputed, evidence. The article excepts cases wherein 'it is necessary that some matter of fact be ascertained or the damage to be assessed or the matter to be decreed is uncertain, in either of which cases the cause shall be remanded for a new trial in the court below.' * * *

\*    \*    \*    \*    \*    \*

"Prior to the passage of the remittitur statute, the rule was established in this state that, where the law afforded no criterion by which to determine damages, the damages being uncertain in their nature, and the amount thereof left to the sense of right and justice of the jury, the appellate courts could declare the verdict and judgment excessive, and thereupon reverse and remand the cause for a new trial. This was the limit of their authority. They could not substitute their own finding as to damages, and thereby effect a reform in the judgment. The remittitur statute was enacted to enlarge the power of these courts, with a view to a final adjudication on appeal where the only error was excessive judgment; and this has been held no infringement upon the constitutional right of trial by jury. T. & N. O. R. R. Co. v. Syfan, 91 Tex. 562, 44 S.W. 1064. The fact that the case was tried on special issues does not remove it from the operation of the remittitur statute, declared to be applicable 'in all civil cases' where the verdict and judgment of the trial court is excessive, and for that reason only should be reversed. That which differentiates the verdict of the jury and judgment herein from a judgment rendered upon a general verdict is the fact that herein the basis of the computation of the judgment is manifest, and an error therein easier of detection.

"In a case wherein a general verdict is returned, complained of as excessive, the court, in order to determine the question of excessiveness, must first arrive at a conclusion as to what sum would be held reasonable if it had been assessed by the jury. T. & N. O. R. R. Co. v. Syfan, supra. In the present case, the complaint being that the value of the property after construction and operation was less than justified by the evidence, it was necessary for the Court of Civil Appeals to first determine what value would be justified un-

der the evidence, if it had been found by the jury. The court concluded that the jury could have found from the evidence such value to be $1,500. Having assessed it at $1,450, the result was an excess in the judgment in the sum of $50, plus interest. The same method of ascertainment applies in this case as in a case submitted upon a general charge, and the same result is attained. But for its effect upon the judgment, however erroneous the answer to the second question, it would give no ground for interference with the judgment. That which alone gave the Court of Civil Appeals the right in any manner to interfere with the judgment of the trial court was its excessiveness. Through this alone defendant was injured. Of this injury it complained by indirection, assigning error to the finding rather than to its necessary effect—excessive judgment. Looking to substance rather than form, the action of the court in this case was no more a substitution of its own finding for that of the jury than in the case of excessive judgment under a general verdict. The court granted defendant the relief, and the only relief, to which it was entitled, and it is in no position to complain of the action of the court in the premises."

We think that the rule of law established in the case quoted from is that the court must determine from the record whether or not the amount of damage to the property, as determined by comparing the answers of the jury to the before and after issues, is supported by the evidence. Houston Belt & Terminal Ry. Co. v. Lynch, supra, was cited and relied on by the Supreme Court of Texas in Adams v. Houston Lighting & Power Company, supra. There is ample support in the evidence that the property which appellant retained after condemnation sustained no decrease in value.

The judgment of the trial court is affirmed.