**The CITY OF HOUSTON, Appellant,**

v.

**R. D. READY et al., Appellees.**

**No. 14103.**

Court of Civil Appeals of Texas.

Houston.

June 20, 1963.

On Remittitur July 11, 1963.

Rehearing Denied Sept. 12, 1963.

R. H. Burks, City Atty., Clifton E. Speir, Senior Asst. City Atty., Joseph G. Rollins, Senior Asst. City Atty., Houston, for appellant.

Al L. Crystal, Sewall Myer, Houston, for appellees.

WERLEIN, Justice.

This suit was brought by appellant against appellees, R. D. Ready et al., to condemn an easement over a strip of land ten feet in width and approximately 101 feet in length, with improvements thereon, for the purpose of widening Griggs Road in the City of

Houston. Judgment was entered in the total amount of $12,112.50 based on the jury verdict finding $112.50 rental for occupancy for a period of six months of the land upon which the converted garage apartment remained after being condemned by the City, $10,000.00 for the land and improvements taken, and $2,000.00 for the amount represented by the difference in the value of the balance of the property before and after the taking.

■ In appellant's first four Points it complains of improper argument of appellees' counsel. Appellant excepted to the following argument:

"Is that the fairness?

"Is that how fair the City of Houston wants to be?

"If that's the way,—and if that's what they call fair, I hope they never take any property belonging to me,—and I hope they never take any property belonging to you."

To appellant's objection, the court stated: "Leave it to the jury to pass on the weight of the testimony and whether the analogy and deductions be reasonable or ridiculous."

The latter part of said argument was improper and the court should have instructed the jury to disregard it. We cannot say, however, that the trial court abused its discretion in not doing so. Associated Employers Insurance Co. v. Burris, Tex.Civ. App., 1959, 321 S.W.2d 112, writ ref., n. r. e., and authorities cited. The preceding paragraphs of the argument, which were not excepted to, upon which the argument with respect to fairness was based, read as follows:

"And I tell you folks it is a shame and a disgrace for the City of Houston to put a witness on this stand and get him to testify without ever having appraised the property in question, without ever having seen the property, without ever having been inside the property, and come before a jury of intelligent people and insult your intelligence.

"For a man to get on the witness stand and say, 'That property is worth so-and-so, and I have never been inside of it. I don't know whether it has got one room, or two rooms. I don't know what the floors are made out of, I don't know what the ceilings are made out of',—there could have been diamonds in there.

"Is that the fairness?"

■ The evidence shows that appellant's witness, Charles Osenbaugh, on direct examination testified that he had appraised all of the subject property, and had placed a value of $6,075.00 on the strip of land and the building taken which rested partly on such strip and partly on the remaining property. On cross-examination it was brought out by counsel for appellees that the building had been removed prior to the time Osenbaugh's appraisal was made, and that he had never been in the building at any time and never had examined it closely, but had merely observed the building on a few occasions before it had been removed, when he was driving in his car on the street upon which the building faced, and that in making his appraisal he relied upon data furnished him by appellant. It was this fact disclosed on cross-examination that prompted counsel's argument with respect to unfairness. There was no appeal to the jury to place themselves in appellees' position. There is considerable latitude allowed in argument, and any reasonable inference can be drawn. We cannot say that such argument was calculated to cause and probably did cause the rendition of an improper verdict and judgment. Rule 434, Texas Rules of Civil Procedure; Aultman v. Dallas Railway & Terminal Co., 1953, 152 Tex. 509, 260 S.W.2d 596; Texas Employers' Insurance Ass'n v. Collins, Tex.Civ.App., 1959, 321 S.W.2d 119, writ ref., n. r. e.

Counsel for appellees in his argument suggested how he would arrive at the difference in value of the remaining tract of land before and after the taking. His argument was merely illustrative of his contention as

to what the jury could consider. The jury were properly instructed by the court as to what could be considered by them in determining the value of the property before and after. Furthermore, there was no objection made or exception taken to such argument, and the same was not of the incurable type. Younger Brothers, Inc. v. Myers, 1959, 159 Tex. 585, 324 S.W.2d 546.

■ There is no merit in appellant's contention that the court erred in admonishing co-counsel for appellant to the effect that he could not participate in the trial. The court did no such thing. In the absence of the jury and after a lengthy discussion between leading counsel on both sides and the court with respect to appellant's motion for a mistrial, and immediately before the court overruled such motion, appellant's co-counsel, Mr. Rollins, started to make a statement or add something to what appellant's leading counsel had argued, whereupon the court said: "Wait just a minute. If you have anything to say, move through leading counsel. I don't want to hear anything—I will overrule the Motion for Mistrial."

It is evident that the court had heard all the argument that it considered necessary in order to overrule appellant's motion for a mistrial. There was nothing said by the court with respect to co-counsel participating or not participating in the case. No objection or exception was taken by appellant to the court's statement.

■ Appellant next complains that there is no evidence and also insufficient evidence to support the jury's answer to Special Issue No. 3 that the market value of the remainder of appellees' property was decreased as a result of the taking of the strip of land and garage apartment building, and the answers to Special Issues Nos. 4 and 5 conditioned thereon. The statement of appellees' counsel to the effect that appellees were not claiming any damages to any land fronting on Griggs Road other than the ten feet actually taken in the condemnation proceeding, has no relevancy with respect to whether such taking decreased the value of the remainder of the land, as clearly appears from the context of the matters discussed on the motion for a mistrial. Appellant contends, however, that no witnesses except appellant's witnesses, Messrs. Westerhaus and Osenbaugh, testified as to the market value of the property remaining both before and after the taking, and that the jury's findings are contrary to such testimony and without any evidence or sufficient evidence to support them.

Appellant's witness, Mr. Westerhaus, testified that the market value of appellees' remaining tract of land, exclusive of the strip together with all improvements thereon taken, was $44,354.00 immediately before the taking, and was the same amount immediately after the taking. Appellant's witness, Mr. Osenbaugh, testified that the market value of appellees' remaining tract of land, exclusive of the strip and improvements taken, was, immediately before the taking, $44,925.00, and immediately after the taking was $48,000.00, an increase of $3,075.00. None of appellees' witnesses testified as to the market value of the tract of land remaining either before or after the taking. The jury found the market value to be $34,500.00 immediately before the taking and $32,500.00 immediately after the taking.

■ It has been held that a jury may ignore opinion evidence and draw its own conclusion from other evidence as to the ultimate issue of market value. Harris County Flood Control District v. Hill, Tex. Civ.App., 1961, 348 S.W.2d 806, writ ref., n. r. e.; Lee v. Briscoe Irrigation Company, Tex.Civ.App., 350 S.W.2d 894, writ ref., n. r. e.; Simmonds v. St. Louis, B. & M. R. Co., 127 Tex. 23, 91 S.W.2d 332.

The question before us is whether there is other evidence sufficient to support the jury's findings as to the market value of the tract remaining both before and after the taking. The remaining tract, according to a sketch in evidence, is an odd-shaped tract at the corner of Griggs Road and Red-

wood, with a one-story stucco building at the corner and a two-story frame residence facing on Redwood, in the rear of which is a one-story frame garage and a two-story frame garage apartment building, to the south of which is another one-story frame garage and a one-story asbestos siding building. The dimensions of these buildings and of the tract of land, with the exception of the one-story stucco building at the corner, are not shown. The only witnesses who testified with respect to values were appellee R. D. Ready, Clement R. Yeager, R. M. Blair, and Messrs. Westerhaus and Osenbaugh. Appellee Ready testified that the building at the corner would have to be moved back in order to park in front thereof without parking on a public street. He identified some photographs of the property and of buildings on Griggs Road, but he gave no testimony as to the extent and nature of the property remaining after the taking, nor the value thereof, either before or after the taking. His opinions were confined to the rental value issue and the strip of land and building taken.

Appellees' valuation expert, Mr. Yeager, testified as to the value of the part taken but expressed no opinion whatever as to the value of the property remaining either before or after the taking. He did not even know the shape or size of the remaining property or what improvements were on it. Appellees' witness, Mr. Blair, testified to a hypothetical question as to the cost of removing the concrete building at the corner, and the cost of rebuilding the same, but his testimony was confined to such building and he never testified as to the market value of the remaining tract of land, together with its improvements, either before or after the taking.

The only evidence with respect to the value of the property remaining before and after the taking was given by witnesses Westerhaus and Osenbaugh. Their testimony showed that the value of the property remaining after the taking was equal to or greater than the value of such property before the taking. The jury's findings to

the effect that the remaining property had a market value of $2,000.00 less after the taking than it had before, are directly contrary to the testimony of the only witnesses who testified as to value of the remaining tract either before or after. We have carefully considered all of the evidence and have concluded that it is insufficient to support the jury's findings with respect to the value of the tract of land remaining before and after the taking. Said findings are so against the great weight and preponderance of the evidence as to be manifestly wrong. In re King's Estate, 1951, 150 Tex. 662, 244 S.W.2d 660.

We overrule appellant's contention that the cumulative effect of the errors committed by the trial court in all probability resulted in appellant not receiving a fair and impartial trial.

█ We have concluded that the insufficiently supported findings of the jury with respect to the value of the remaining tract before and after the taking have resulted in a judgment which is excessive in the sum of $2,000.00.

If appellees will file in this Court a remittitur of $2,000.00 on or before July 8, 1963, the judgment of the trial court will be reformed accordingly, and, as reformed will be affirmed; otherwise, the judgment of the trial court will be reversed and the entire cause will be remanded for a new trial.

### On Filing of Remittitur

On June 20, 1963 we indicated by an opinion in writing that if appellees would file a remittitur of $2,000.00 on or before July 8, 1963, the judgment of the trial court would be reformed and, as reformed, would be affirmed; and that otherwise the judgment of the trial court would be reversed and the cause remanded for a new trial. Appellees have filed the suggested remittitur of $2,-000.00.

Accordingly, as of this date, the judgment of the trial court is reformed by deducting the amount of $2,000.00 from the judgment

recovered by appellees, and as reformed, is affirmed.

One-fifth of the costs of the present appeal will be taxed against appellees, R. D. Ready et al., and four-fifths against appellant, The City of Houston.

Motion for rehearing may be filed by either party within 15 days after this date.