**64**

**Ralph BRITTEN et al., Appellants,**

v.

**The STATE of Texas, Appellee**

**No. 8896.**

Court of Civil Appeals of Texas,
Amarillo.

May 22, 1978.

Underwood, Wilson, Sutton, Berry, Stein & Johnson, Jerry N. Smith and Thomas R. Dixon, Jr., Amarillo, for appellants.

John L. Hill, Atty. Gen., Charles R. Lind, Austin, for appellee.

DODSON, Justice.

This case concerns an alleged clerical error in a jury verdict. The State of Texas, appellee, initiated this action against the appellants Ralph Britten and wife Mary Britten, as owners, and the State National Bank, as a lienholder, to condemn 43.646 acres of land situated in Carson and Gray counties for highway purposes. Upon a jury's verdict the trial court entered judgment for the Brittens and the bank in the amount of $35,430 for their respective interests in the 43.646 acres taken and for damages to the remaining land. Ralph and Mary Britten filed a motion for new trial alleging a unanimous clerical mistake in the jury's verdict. After a hearing, the trial court overruled the motion. The Brittens appeal from the judgment of the trial court. We affirm.

The Brittens bring one point of error alleging that the trial court erred in overruling their motion for new trial because the uncontradicted affidavits of eleven of the twelve jurors and the uncontradicted testimony of one juror at the hearing on the motion for new trial showed that the jury made a unanimous mistake in the nature of a clerical error in recording its answer to special issue number three.

The case was tried before twelve jurors. At the close of the testimony, the trial court submitted the case on three special issues. The three special issues asked the jury to decide:

(1) The market value of the 43.646 acres of land condemned by the State as of September 12, 1973, when considered as severed land.

(2) The market value of the Brittens' tract of land, exclusive of the strip of land condemned, immediately before the strip was taken for highway purposes.

(3) The market value of the remainder of the Brittens' tract of land immediately after the taking of the strip of land condemned for highway purposes.

The jury answered $30,450 to issue one, $92,835 to issue two, and $87,855 to the

third issue. The result of this verdict was the judgment for $35,430.

The alleged unanimous mistake in the nature of a clerical error concerns the dollar amount in the jury's answer to the third special issue. In a joint affidavit, six of the jurors said that the answer to special issue number three should have been transcribed $79,455 rather than $87,855. Five other jurors each stated, in their respective affidavits, that they did not recall "the specific dollar amounts the jury found to be the answers to each of the three Special Issues submitted to them." However, these jurors in their respective affidavits, further concerned themselves with what they thought the Brittens should have received under the verdict. As reflected by the affidavits, these jurors did not agree on the amount each thought the Brittens should have received. Two jurors said they thought the appellant should have received $43,500. Three other jurors each said three different amounts ranging from $42,000 to $45,000.

The Brittens rely on *Caylat v. Houston E. & W. T. Ry. Co.*, 113 Tex. 131, 252 S.W. 478 (Tex.Com.App.1923, opinion adopted) in support of their position. In *Caylat*, the Commission of Appeals noted that the great weight of authority supports the proposition that a *unanimous* mistake of the jury in the nature of a clerical error in writing or reporting their verdict *already arrived at* may be shown by the affidavits of the jurors, and, where the evidence is conclusive that such mistake was made, relief may be granted. A proper application of *Caylat* to these facts does not support the Brittens' position. The affidavits of the eleven jurors do not unanimously and conclusively show the specific amount ($79,455) the Brittens allege "the jury arrived at" as its answer to special issue three. And these affidavits also fail to show a unanimous clerical error in either reporting or writing the alleged answer. The affidavits give no information concerning the position of the twelfth juror.

Only one juror appeared and testified at the hearing on the motion for new trial. Her testimony shows no more than what she thought the answer to special issue number three should have been. In *Angelina Casualty Company v. Spencer*, 310 S.W.2d 682–83 (Tex.Civ.App.—Beaumont 1958, writ ref'd n. r. e.), the court stated that the testimony of one juror merely presents a fact question of the existence of a clerical error. In the case before us, the juror acknowledged, on cross examination, that the jury's verdict was returned in open court and that the court also read the verdict in open court and all the jurors said "yes" when asked if the verdict was theirs. However, this juror claimed that she and some of the other jurors were not "listening to the court" when it read the verdict and asked the question.

The affidavits and the testimony of the juror presented no more than a fact question for the trial court to decide. Neither the affidavits nor the testimony of the one juror conclusively established a unanimous mistake in the nature of clerical error in recording or announcing the verdict "arrived at" by the jury. The trial court properly exercised its discretion by overruling the Brittens' amended motion for new trial. *See Commercial Standard Ins. Co. v. Miller*, 48 S.W.2d 618 (Tex.Com.App.1932, judgmt. adopted); *Commercial Standard Ins. Co. v. Moore*, 144 Tex. 371, 190 S.W.2d 811 (1945); *City of Carrollton v. Rawlins*, 291 S.W.2d 955 (Tex.Civ.App.—Eastland 1956, writ ref'd); *Stone v. Moore*, 442 S.W.2d 746 (Tex.Civ.App.—Houston [14th Dist.] 1969, writ ref'd n. r. e.)

The Brittens' point of error is overruled and the judgment of the trial court is affirmed.