GROUP PURCHASES, INC., Appellant,

v.

LANCE INVESTMENTS, INC., Appellee.

No. 05–84–00066–CV.

Court of Appeals of Texas,
Dallas.

Jan. 8, 1985.

Rehearing Denied Feb. 26, 1985.

Emil Lippe, Jr., Edward A. Galloway, Dallas, for appellant.

Morris C. Gore, Dilts & Law, Dallas, for appellee.

Before AKIN, STEWART and KEITH[1], JJ.

KEITH, Justice.

Lance Investments, Inc. brought suit to set aside an execution sale and cancel a sheriff's deed on certain residential property owned by Lance prior to the sale. The property was sold at the execution sale to satisfy a default judgment entered against Lance in favor of Dallas Power & Light Company. Group Purchases, Inc. bought the property at the execution sale and received a sheriff's deed conveying the property. Both Dallas Power & Light Company and Group were named as defendants in the suit to set aside the sale. The trial court rendered a summary judgment for Lance setting aside the sheriff's deed and declaring it null and void on the basis of the court's findings that (1) since Group and Dallas Power & Light Company failed to present any rebutting evidence to the affidavit of Lance's expert as to the value

of the property, it was established as a matter of law that the property sold for a grossly inadequate consideration; (2) a defect existed in the published notice of the execution sale; and (3) no evidence was presented by Dallas Power & Light Co. and Group creating a fact issue as to a lack of causal connection between the defect in the notice and the gross inadequacy of consideration.

On appeal, Group contends that there are genuine issues of material fact (1) as to whether or not the price obtained at the execution sale was grossly inadequate and (2) as to whether or not the irregularity, if any, in the execution sale was reasonably calculated to cause and actually produced the alleged grossly inadequate price. We agree that material issues of fact exist as to whether the price was grossly inadequate. Accordingly, we reverse the trial court's judgment and remand the cause for trial.

### GROSSLY INADEQUATE PRICE

To set aside an execution sale, a plaintiff must show an irregularity calculated to affect the sale and an inadequate price. *Prudential Corp. v. Bazaman,* 512 S.W.2d 85, 91 (Tex.Civ.App.—Corpus Christi 1974, no writ); *Brimberry v. First State Bank of Avinger,* 500 S.W.2d 675, 676–77 (Tex.Civ.App.—Texarkana 1973, writ ref'd n.r.e.); *Rio Delta Land Company v. Johnson,* 475 S.W.2d 346, 348 (Tex. Civ.App.—Corpus Christi 1971, writ ref'd n.r.e.). According to the findings recited in the judgment, the trial court relied solely on the affidavit of Frank Carter, Jr., a real estate broker, in finding as a matter of law that the property sold for a grossly inadequate price. Mr. Carter's affidavit stated that in his opinion the value of the property was in excess of $300,000 at a sale with adequate time to expose the property to the market and in excess of $250,000 at a distress sale. Assuming, without deciding, that Mr. Carter's affidavit was not success-

---

**1.** The Honorable Quentin Keith, Justice, Ninth Supreme Judicial District, retired, sitting by assignment.

fully controverted by the affidavit of W.L. Keetch, Jr., we do not agree that the affidavit established as a matter of law that the property sold for a grossly inadequate price. For a summary judgment to properly be based on the uncontroverted testimonial evidence of an expert witness, among other requirements, the witness must testify "as to subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts." TEX.R. CIV.P. 166–A(c). The value of land is not subject matter that conforms with that description. The trier of fact is not required to accept the opinions of experts as to the value of land. Other evidence may be considered, including the trier of fact's own experience and matters of common knowledge. *Simmonds v. St. Louis, B. & M. Ry. Co.*, 127 Tex. 23, 91 S.W.2d 332, 334 (1936); *Murfee v. Phillips Petroleum Co.*, 492 S.W.2d 667, 676 (Tex.Civ.App.—El Paso 1973, writ ref'd n.r.e.); *Trinity River Authority v. McMurrey*, 439 S.W.2d 887, 890 (Tex.Civ.App.—Beaumont 1969, no writ); *Lee v. Briscoe Irrigation Co.*, 350 S.W.2d 894, 896 (Tex.Civ.App.—Houston 1961, writ ref'd n.r.e.). The general rule in summary judgment proceedings is that the uncontroverted opinion testimony of a witness does not establish any material fact as a matter of law. *Simmonds*, 91 S.W.2d at 334. The affidavit of Frank Carter, Jr. does not fit within the exception to the rule recognized in TEX.R.CIV.P. 166–A(c). Accordingly, we sustain Group's first point of error and hold that there was a genuine issue of material fact as to whether the price obtained at the execution sale was grossly inadequate. Since Lance was required to show a grossly inadequate price to have the sale set aside, the summary judgment must be reversed and the cause remanded for trial.

## DISPOSITION OF MOTIONS

Although our ruling on Lance's motion to dismiss appeal and Group's motion for reversal and rendition of judgment is evident from our reversal and remand for trial, the rationale for the ruling merits explanation.

As the basis of its Motion to Dismiss Appeal, Lance states that Group failed to file a supersedeas bond, and that during the pendency of the appeal Lance conveyed the property involved in the suit to James Crow, Sr., the incorporator and former shareholder of Lance. As a result of such conveyance, Lance contends that this cause is moot. We disagree with this contention. The failure of Group to file a supersedeas bond under the provisions of Tex.R.Civ.P. 364(c) (Vernon 1967) would have no effect on the conveyance of the property by Lance to a third party. A supersedeas bond does not suspend or stay a judgment, but is a method of *suspending execution* of a judgment before it becomes final and while an appeal is pending. *Renger v. Jeffrey*, 143 Tex. 73, 182 S.W.2d 701, 702 (1944); *Thompson v. Haney*, 191 S.W.2d 491, 494 (Tex.Civ.App.—Amarillo 1945, no writ). The judgment in this cause merely set aside the sheriff's deed to Group. No execution was to issue for the enforcement of the judgment, and a private conveyance by Lance to James Crow, Sr. is not execution of the judgment.

We conclude that the notice of lis pendens filed regarding this case governs the effect of the conveyance during the pendency of the appeal. When ownership of land is claimed by both parties in a lawsuit, "if a lis pendens has been filed, either of the litigants may freely convey to third parties." *Neel v. Fuller*, 557 S.W.2d 73, 76 (Tex.1977). However, if the grantor ultimately loses the lawsuit, the third party grantee is left only with any claims for damages he may have against his grantor. *Neel*, 557 S.W.2d at 76. The policy behind the lis pendens doctrine is that "a court which has acquired jurisdiction of a cause of action is entitled to proceed to the final exercise of that jurisdiction without the interference of anyone with the subject matter or res before the court." *Texas Water Rights Commission v. Crow Iron Works*, 582 S.W.2d 768, 771 (Tex.1979); *Rosborough v. Cook*, 108 Tex. 364, 194 S.W. 131, 132 (1917). The effect of the lis pendens continues through the appeal of

**732**

the judgment. *See Hartel v. Dishman,* 135 Tex. 600, 145 S.W.2d 865, 869 (1940); *Rosborough,* 194 S.W. at 132; *Moore v. Moore,* 67 Tex. 293, 3 S.W. 284, 286 (1887). If it did not, the ability of a party to render moot an action to determine ownership of land by transferring the property to a third party would merely be delayed, not eliminated. Accordingly, the conveyance of the property to James Crow, Sr. transferred only whatever rights Lance is finally determined to have in the property after final judgment on remand and any appeal therefrom. Lance's motion to dismiss appeal is denied.

In its motion, Group requests that this court reverse the judgment entered by the trial court and render judgment in favor of Group. The basis of this request is Group's contention that Lance has made a judicial admission and admission under oath in its motion to dismiss appeal and its affidavit in support thereof. That alleged admission is that Lance "claims no right, title or interest in or to said Property." We reject this contention. A review of the motion and affidavit reveals that the actual statement is that "[t]he corporation *no longer claims* any right, title or interest or claim in or to said property" (emphasis added). In context, it is clear that the statement means as a result of the sale by Lance to James Crow, Sr., Lance no longer asserts a claim to the property. Group's motion for reversal and rendition of judgment based on admissions is denied.

Reversed and remanded.

Costs of this appeal taxed against appellee.