Santos M. FLORES, M.D., Relator,

v.

The Honorable Carol R. HABERMAN, Judge, Respondent.

No. 95–0597.

Supreme Court of Texas.

Aug. 1, 1995.

Rehearing Overruled March 7, 1996.

Paul T. Curl, San Antonio, S. Mark Murray, San Antonio, for relator.

Robert E. Barger, San Antonio, Royal D. Adams, San Antonio, Karl E. Hays, San Antonio, Oliver S. Heard, Jr., San Antonio, Clifton F. Douglass, III, San Antonio, for respondent.

PER CURIAM.

This mandamus concerns the propriety of notices to file lis pendens. Because the interest asserted by the real parties in interest is not one articulated in Texas Property Code § 12.007(a), we conditionally grant the writ of mandamus and direct the trial court to cancel the notices of lis pendens.

Plaintiffs brought a suit for conversion against Flores. They alleged that he converted property and used the proceeds to buy certain other properties. In their petition, they sought the imposition of a constructive trust on the property. They filed notices of lis pendens on the purchased properties, and sought to have a constructive trust placed on those properties.

A party may file a lis pendens during the pendency of an action involving: 1) title to real property, 2) the establishment of an interest in real property, or 3) the enforcement of an encumbrance against real property. TEX.PROP.CODE § 12.007(a). In the present case, the plaintiffs seek a constructive trust in the purchased properties only to satisfy the judgment they seek against Flores. As such, the interest is no more than a collateral interest in the property. *Moss v. Tennant*, 722 S.W.2d 762, 763 (Tex. App.—Houston [14th Dist.] 1986, orig. proceeding). Therefore the notices of lis pendens are improper.

Without hearing oral argument, a majority of this Court conditionally grants the petition for mandamus directing the district judge to cancel the notices of lis pendens and vacate the earlier order refusing to cancel the notices of lis pendens. TEX.R.APP.P. 122.