**Opinion issued July 12, 2013**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-13-00204-CV

_____

## IN RE MOODY NATIONAL KIRBY HOUSTON S, LLC, Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## DISSENTING OPINION

The majority posits that Moody has an adequate remedy by appeal and concludes that mandamus relief is not appropriate.

Because I believe that the trial court abused its discretion by failing to do that which the statute very explicitly requires—expunge the notice of lis pendens—I respectfully dissent.

**Background**

The underlying suit arises from Moody's February 2011 contract to sell a parcel of unimproved property in Houston to Capcor for $2.3 million. Although scheduled for May 31, 2011, the sale never closed. Capcor thereafter sued Moody seeking specific performance of the contract and asserting claims for breach of contract, breach of fiduciary duty, tortious interference with contract, conversion, statutory fraud, fraudulent inducement, unjust enrichment, and civil conspiracy. Moody counterclaimed for breach of contract and sought a declaratory judgment.

On June 8, 2011, Capcor filed a Notice of Lis Pendens on the property with the County Clerk but failed to serve Moody with a copy of the notice within three days, as required by the Texas Property Code.[1] Capcor later (June 21, 2011) released this lis pendens and filed another, this time providing Moody its copy.

On July 15, 2011, Moody filed, and the trial court later denied,[2] a Motion to Expunge Capcor's Lis Pendens pursuant to the Property Code.[3] On September 13,

---

[1] "Not later than the third day after the date a person files a notice [of lis pendens] for record under this section, the person must serve a copy of the notice on each party to the action who has an interest in the real property affected by the notice." TEX. PROP. CODE ANN. § 12.007(d) (West 2012).

[2] The Honorable Steve Kirkland was the presiding judge of the trial court.

[3] Section 12.0071(c)(3) provides as follows: "The court shall order the notice of lis pendens expunged if the court determines that . . . (3) the person who filed the notice for record did not serve a copy of the notice on each party entitled to a copy under Section 12.007(d)." TEX. PROP. CODE ANN. § 12.0071(c)(3).

2

2011, Moody filed its petition for writ of mandamus seeking to compel the trial court to expunge the second lis pendens based on Capcor's failure to comply with section 12.007(d)'s notice requirements.[4]

The case proceeded to trial, at the conclusion of which, the court directed a verdict in favor of Moody on Capcor's statutory fraud claim, and the jury rendered a verdict in favor of Moody on Capcor's remaining claims. Final judgment was entered on October 26, 2012.

Prior to entry of the judgment, Moody filed its second Motion to Expunge, on which the trial court never ruled. On October 17, 2012, Moody filed its third Motion to Expunge and Cancel Lis Pendens, this time based upon Property Code section 12.0071(c)(2).[5] Following an evidentiary hearing, the trial court denied Moody's third motion to expunge as moot on December 18, 2012. On February 5, 2013, the trial court denied Moody's Motion for Reconsideration of its Third

---

[4]     Moody's first petition for writ of mandamus is appellate cause number 01-11-00769-CV. Because Moody filed this second petition, in which it asserts a new ground for expunction and abandons the ground it asserted in its first petition, this Court dismissed Moody's first petition for writ of mandamus as moot.

[5]     Section 12.0071(c)(2) provides as follows: "The court shall order the notice of lis pendens expunged if the court determines that . . . (2) the claimant fails to establish by a preponderance of the evidence the probable validity of the real property claim . . . ." TEX. PROP. CODE ANN. § 12.0071(c)(2).

3

Motion to Expunge Capcor's Lis Pendens.[6]

On March 13, 2013, Moody filed this petition for writ of mandamus seeking relief from the trial court's order denying its third motion to expunge the notice of lis pendens.

## Discussion

### A. Standard of Review

Mandamus relief is available only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Odyssey Healthcare, Inc.*, 310 S.W.3d 419, 422 (Tex. 2010) (per curiam). However, if a trial court abuses its discretion by failing to cancel or expunge a notice of lis pendens, mandamus relief is available without any need to show that there is no adequate remedy at law. *See Flores v. Haberman*, 915 S.W.2d 477, 478 (Tex. 1995) (per curiam); *Nat'l City Bank of Indiana v. Ortiz*, __ S.W.3d __, 2013 WL 2120812, at *31 (Tex. App.—Houston [14th Dist.] May 16, 2013, no pet. h.) (Frost, J., dissenting) (citing *Flores*). A trial court commits a clear abuse of discretion when its action is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *In*

---

[6] Pursuant to Texas Rule of Appellate Procedure 7.2(b), this Court abated Moody's first petition to allow Judge Elaine Palmer, Judge Kirkland's successor, to reconsider the denial of Moody's third motion to expunge. *See* TEX. R. APP. P. 7.2(b) ("If the case is an original proceeding under Rule 52, the court must abate the proceeding to allow the successor to reconsider the original party's decision.") On April 3, 2013, this Court reinstated Moody's first petition.

4

*re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (per curiam) (quoting *CSR Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex. 1996)). A trial court has no discretion in determining what the law is or in applying the law to the particular facts. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004). "Mandamus has been recognized as the appropriate remedy when issues have arisen concerning the issuance of notices of lis pendens." *In re Cohen*, 340 S.W.3d 889, 900 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *see Flores*, 915 S.W.2d at 478.

## B. Lis Pendens

Section 12.007(a) of the Property Code provides that "during the pendency of an action involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property," a party seeking affirmative relief may file a lis pendens in the real property records of the county where the property is located. TEX. PROP. CODE ANN. § 12.007(a) (West 2012). The notice must contain certain information, including the style and cause number of the proceedings, the court where it is pending, the names of the parties, identification of the kind of proceedings, and a description of the property affected. *See id.* § 12.007(b). Generally speaking, the purpose of lis pendens notice is twofold: (1) to protect the filing party's alleged rights to the property that is in dispute in the lawsuit, and (2) to put those interested in the property on notice of

5

the lawsuit.  *David Powers Homes, Inc. v. M.L. Rendleman Co., Inc.*, 355 S.W.3d 327, 336 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

In 2009, the Legislature enacted section 12.0071 which allows a party to challenge a notice of lis pendens by filing an application to have the lis pendens expunged, as well as filing evidence, including declarations, with its motion to expunge.  *See* TEX. PROP. CODE ANN. § 12.0071 (West Supp. 2012).  At the hearing on the motion, the court may permit evidence in the form of oral testimony.  *See id.* § 12.0071(b)(1).  The court must then "rule on the motion for expunction based on the affidavits and counteraffidavits on file and on any other proof the court allows."  *Id.* § 12.0071(e).  After considering the evidence, "the court shall order the notice of lis pendens expunged if the court determines that . . . the claimant fails to establish by a preponderance of the evidence the probable validity of the real property claim."  *Id.* § 12.0071(c)(2).[7]

---

[7]   Section 12.0071(c)(2)'s language is substantially similar to the language in California's Property Code.  California Civil Property Code section 405.32 states that "the court shall order that the notice be expunged if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim."  CAL. CIV. P. CODE § 405.32 (West 2013).  The Texas statute does not define "probable validity," but in the California statute, "'[p]robable validity', with respect to a real property claim, means that it is more likely than not that the claimant will obtain a judgment against the defendant on the claim."  *Id.* § 405.3.  Notably, California appellate courts have construed section 405.32 to require trial courts to grant a motion to expunge a notice of lis pendens after the claimant suffers an adverse judgment in the trial court and *while an appeal is pending*, unless the trial court finds it more likely than not that its judgment will be reversed on appeal.  *See Amalgamated Bank v. Superior Court*,

Section 12.0071 marks a significant change in the legal standard by which parties can seek expunction of notices of lis pendens. *See id.* § 12.0071(c); *Ortiz*, 2013 WL 2120812, at \*32 (Frost, J., dissenting). Before enactment of the statute, a party seeking cancellation or expunction of a lis pendens notice had to show that the party filing the notice (the claimant) did not have pending claims that fell into one of the categories of claims contained in section 12.007(a).[8] This inquiry focused on the nature of the claims asserted rather than the merits or likelihood that the claims would be prosecuted successfully. *See* TEX. PROP. CODE ANN. § 12.007(a); *In re Collins*, 172 S.W.3d 287, 293–94 (Tex. App.—Fort Worth 2005, orig. proceeding). In enacting the new statute, the Legislature made a fundamental change by including language that requires consideration of the merits of the claim that forms the basis of the lis pendens. *See* TEX. PROP. CODE ANN. § 12.0071(c)(2); *Ortiz*, 2013 WL 2120812, at \*32 (Frost, J., dissenting).

---

149 Cal.App.4th 1003, 57 Cal.Rptr.3d 686, 693–94 (2007); *Mix v. Superior Court*, 124 Cal.App.4th 987, 21 Cal.Rptr.3d 826, 833 (2005).

[8] Section 12.007(a) provides, "After the plaintiff's statement in an eminent domain proceeding is filed or during the pendency of an action involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property, a party to the action who is seeking affirmative relief may file for record with the county clerk of each county where a part of the property is located a notice that the action is pending." TEX. PROP. CODE ANN. § 12.007(a) (West 2013).

I have found only two cases interpreting Property Code section 12.0071.[9] In *In re Cohen*, 340 S.W.3d 889 (Tex. App.—Houston [1st Dist.] 2011, orig. proceeding), this Court examined subsection (c)(1) of the statute rather than subsection (c)(2), which is at issue in the proceeding before us today. *See id.* at 893. The second case, *National City Bank of Indiana v Ortiz*, __ S.W.3d __, 2013 WL 2120812 (Tex. App.—Houston [14th Dist.] May 16, 2013, no pet. h.), involved cross-appeals and a mandamus petition arising out of a foreclosure of a residential property.[10] In *Ortiz*, the Fourteenth Court of Appeals concluded that, in

---

[9] Although not binding on this Court, at least one Texas federal district court has found that a party who has filed a lis pendens notice and against whom summary judgment is rendered has necessarily failed to establish any validity to his real property claim. *See Naddour v. Nationstar Mortg.*, LLC, No. 3:11-CV-1096-B, 2012 WL 4473127, at *7 (N.D. Tex. Sept. 27, 2012) (concluding notice of lis pendens should be expunged under section 12.0071(c) where court granted defendants' summary judgment motion disposing of all of plaintiff's claims and, thus, plaintiff failed to establish validity of his real property claim).

[10] In that case, Ortiz sued the bank and its mortgage servicer for a variety of claims arising out of the foreclosure, and the bank counterclaimed and asserted judicial foreclosure claims against Ortiz. *See Nat'l City Bank of Indiana v Ortiz*, __ S.W.3d __, 2013 WL 2120812, at *1 (Tex. App.—Houston [14th Dist.] May 16, 2013, no pet. h.). The trial court granted summary judgment in favor of Ortiz on his wrongful foreclosure claim, set aside the foreclosure sale, and restored title in the property to Ortiz. *See id.* The trial court also granted partial summary judgments allowing the bank parties to pursue some of their claims but not others. *See id.* After a jury trial, the trial court rendered judgment in favor of Ortiz on some of his claims and against the bank parties on all of their claims. *See id.* After the jury's verdict, but before the trial court signed a judgment, the bank parties filed a notice of lis pendens on the property, and Ortiz subsequently filed a motion to expunge the lis pendens notice. *See id.* at *5. On the same day that it signed the final judgment, the trial court signed an order denying Ortiz's motion to expunge lis pendens under section 12.0071. *See id.* Ortiz sought mandamus relief

8

light of its determination of the issues on appeal and "the probable validity of the real property claim," the trial court had not abused its discretion in denying Ortiz's motion to expunge the notice of lis pendens, and it denied his petition for writ of mandamus. *See id.* at *18.[11]

## C. Analysis

Moody argues that, under section 12.0071(c)(2), the trial court was required to expunge Capcor's lis pendens because Capcor had failed to prove by a preponderance of the evidence the probable validity of its claim. Moody contends that Capcor failed to meet its burden because it filed no evidence in its response to Moody's third motion to expunge, nor introduced any evidence at the hearing on the motion. In response, Capcor acknowledges that it did not file any evidence with its response to Moody's third motion to expunge,[12] but argues that section

---

regarding this order, and the appeals court consolidated the mandamus proceeding with the appeal. *See id.* In his mandamus petition, Ortiz argued that the trial court had abused its discretion by denying his motion to expunge the bank parties' post-trial notice of lis pendens. *See id.* at *17.

[11] In a dissenting opinion, Justice Frost stated that the majority improperly considered the outcome of the appeal (in favor of the bank parties) rather than the materials before the trial court when the trial court made its ruling (Ortiz's motion to expunge and the bank parties' response) in determining that the trial court had not abused its discretion. *See id.* at *32.

[12] In its response to Moody's third motion to expunge, Capcor raised two arguments: that Moody's third motion to expunge was premature because a lis pendens continues in effect through the pendency of an appeal; and, that Capcor intended to appeal the jury's verdict if it did not obtain adequate relief from the trial court.

12.0071 permits the trial court to consider the evidence it previously filed with its responses to Moody's first and second motions to expunge.

Section 12.0071(e) provides that "[t]he court shall rule on the motion for expunction based on the affidavits and counteraffidavits on file and on any other proof the court allows." TEX. PROP. CODE ANN. § 12.0071(e). Capcor argues that the evidence attached to its previous responses falls under the catch-all phrase "other proof." Capcor's argument fails, however, because while its previously filed evidence is "other proof" that the court *could* allow, Cacpor never presented it to the court, either in its motion or at the hearing. Capcor's response to Moody's third motion to expunge incorporated or referenced none of the previously filed evidence and, at the hearing, Cacpor neither identified nor referenced any of the previously filed evidence or asked the trial court to take judicial notice of the prior filings. Indeed, Capcor introduced no other documentary or testimonial evidence at the hearing, despite the fact that the notice specified that the hearing was evidentiary in nature.

Moreover, it is worth noting that although the court could have considered Capcor's previously filed evidence in ruling on Moody's motion, it apparently did

---

Alternatively, Capcor argued that Moody should have sought relief under section 12.008—the provision allowing for cancellation of a lis pendens—rather than 12.0071, and that Moody had failed to comply with the requirements of section 12.008.

10

not.  At the conclusion of the hearing, the following exchange took place:

> [Moody's counsel]: That is what the statute requires.  It says, the court shall expunge the lis pendens.
>
> [The Court]:  Well, the case law tells me that I've already done that when I signed the judgment.[13]
>
> . . . .
>
> [The Court]:  Here's my ruling.  My ruling is I have a judgment.  My judgment does all that it can do.  And if it doesn't do all that you need it to do or if you all dispute the effect of that, the Court of Appeals is across the street.
>
> [Moody's counsel]:  So, Your Honor, our motion to expunge is denied?
>
> [The Court]:  It's just moot because my judgment already gives you the relief you asked for.
>
> [Moody's counsel]: So, it's denied as moot?
>
> [The Court]:  Right.

It is clear that the trial court denied Moody's motion to expunge as moot because it believed a lis pendens was no longer applicable once it had entered the final judgment.

Capcor further argues, in reliance upon *Group Purchases, Inc. v. Lance Invs., Inc.*, 685 S.W.2d 729 (Tex. App.—Dallas 1985, writ ref'd n.r.e.), that Moody's third motion to expunge is premature because it filed an appeal in this

---

[13]  The trial court signed the final judgment on October 26, 2012, following the jury's verdict rendered in favor of Moody.

11

case and a lis pendens continues in effect through the pendency of an appeal.[14] That case, however, was decided before section 12.0071's enactment and did not involve a motion to expunge.[15] Capcor also cites to *Berg v. Wilson*, 353 S.W.3d 166 (Tex. App.—Texarkana 2011, pet. denied) and *In re Estate of Sanchez*, No. 04-11-00332-CV, 2012 WL 1364979 (Tex. App.—San Antonio Apr. 18, 2012, pet. denied) (mem. op.)—both decided after the enactment of section 12.0071—in support of its argument that the expunction statute has not affected the longstanding principle that a lis pendens is valid through an appeal. However, *Berg* and *Sanchez* are distinguishable because neither involved a post-trial motion to expunge.[16]

---

[14] The appeal in this case, *Capcor at KirbyMain, L.L.C. v. Moody National Kirby Houston S, L.L.C. d/b/a Moody National Kirby Houston, L.L.C. and Moody National Title Co., L.P.*, 01-13-00068-CV, was filed on January 22, 2013.

[15] Capcor also cites to *Rosborough v. Cook*, 194 S.W. 131 (Tex. 1917) and *Moore v. Moore*, 3 S.W. 284 (Tex. 1887), both of which predate the enactment of section 12.0071.

[16] In *Berg*, the court held that the trial court's unnecessary declaration that a lis pendens was void at the time it entered judgment on the jury's verdict was harmless because the lis pendens terminated automatically with the judgment, in the absence of an appeal. *See Berg v. Wilson*, 353 S.W.3d 166, 180 (Tex. App.—Texarkana 2011, pet. denied). In *Sanchez*, the trial court sua sponte entered an order expunging a notice of lis pendens only four days after it was filed. *See In re Estate of Sanchez*, No. 04-11-00332-CV, 2012 WL 1364979, at *7 (Tex. App.—San Antonio Apr. 18, 2012, pet. denied) (mem. op.). The court noted that no party had filed a motion to expunge as provided by section 12.0071, and the party who had filed the lis pendens had not been provided twenty days' notice as required by subsection (d). *See id.* The court concluded that the trial court had erred in

Finally, Capcor argues that Moody is actually seeking to cancel Capcor's lis pendens but that Moody is not willing to seek cancellation under Property Code section 12.008 because it would be required to post security. Capcor contends that sections 12.0071 and 12.008 conflict, and thus, expunction should be allowed only at the outset of litigation and when a notice of lis pendens is originally filed, and that cancellation is the only remedy available once a notice has been properly filed and a judgment entered. Capcor, however, has not cited any authority for this argument. *See* TEX. R. APP. P. 38.1(i) (requiring that appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *Izen v. Comm'n For Lawyer Discipline*, 322 S.W.3d 308, 325 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) ("Conclusory statements, unsupported by legal citations, are not sufficient."). Further, nothing in the language of section 12.0071 limits expunction to pretrial motions. *See Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981) ("[E]very word excluded from a statute must also be presumed to have been excluded for a purpose.").

Section 12.0071(c)(2) mandates that the trial court *must* grant a motion for expunction of a lis pendens notice if it determines that "the claimant fails to

expunging the lis pendens sua sponte and without proper notice to each affected party. *See id.*

establish by a preponderance of the evidence the probable validity of its real property claim." TEX. PROP. CODE ANN. § 12.0071(c)(2). Here, the jury found that Capcor had failed to prove its claims by a preponderance of the evidence, and the trial court rendered a final judgment on the jury's verdict. Together with the fact that Capcor failed to submit evidence in its response to Moody's third motion to expunge or at the evidentiary hearing on Moody's motion, Capcor failed to meet its burden under section 12.0071.

Because I believe that the trial court clearly abused its discretion in denying Moody's motion to expunge, and that Moody need not have to show it was without any adequate remedy at law, I would conditionally grant Moody's petition for writ of mandamus and direct the trial court to grant Moody's third motion to expunge Capcor's second lis pendens. Therefore, I respectfully dissent.


                                        Jim Sharp
                                        Justice


Panel consists of Chief Justice Radack and Justices Sharp and Massengale.

Justice Sharp, dissenting.