

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00244-CV

IN RE MAKE READY CONTRACTORS, INC., RELATOR

ORIGINAL PROCEEDING

August 28, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Relator Make Ready Contractors, Inc., filed this original proceeding seeking a writ of mandamus compelling respondent, the Honorable Dan Schaap, judge of the 47th District Court of Potter County, to enter an order removing specified mechanic's liens. At our request, a real party in interest, ASAP Air of Amarillo, LLC, filed a response to Make Ready's petition. Finding Make Ready has an adequate remedy by appeal, we will deny the petition. We do not consider, and express no opinion, whether the trial court clearly abused its discretion by reaching the challenged determination.

Make Ready and ASAP are in litigation arising from work performed by ASAP. ASAP filed lien affidavits asserting liens on several properties.[1] As permitted by Texas Property Code section 53.160, Make Ready filed a motion seeking to remove ASAP's liens, through the summary procedure created by that section. TEX. PROP. CODE ANN. § 53.160 (West 2014). It is undisputed that ASAP failed to timely file its lien affidavits according to the requirement for a statutory mechanic's lien under Chapter 53 of the Property Code. ASAP maintains, however, that under section 53.026, concerning sham contracts, it was properly positioned as the claimant of a self-executing lien under article 16, § 37 of the Texas Constitution.[2] Make Ready's motion was submitted to the trial court on stipulated facts, and was denied.

Make Ready now seeks review of the order through this original proceeding. In three issues it argues mandamus is appropriate and the writ should issue because it lacks an adequate remedy by appeal; section 53.026 does not elevate a subcontractor

---

[1] The mandamus record contains a copy of Make Ready's first amended original petition. It names ASAP and Michael Weatherford as defendants and seeks declaratory relief, as well as actual damages, statutory damages, punitive damages, and attorney's fees. An allegation states the monetary relief claimed exceeds $200,000 but is less than $1,000,000. Also in the record is the first amended answer and counterclaim of ASAP and Weatherford. Through the counterclaim, ASAP alleges Make Ready breached the parties' contract. It seeks damages and attorney's fees. ASAP has also filed a third party action against thirteen entity defendants seeking an order foreclosing liens on properties where ASAP allegedly provided work. According to the pleading, Make Ready was agent for the third-party defendants and obligated for payment of sums due for work.

[2] See TEX. CONST. art. XVI, § 37. Between the original contractor and the owner, a constitutional mechanic's lien is self-executing. *Contemporary Contrs., Inc. v. Centerpoint Apt., Ltd.,* No. 05-13-00614-CV, 2014 Tex. App. LEXIS 7251, at *15 (Tex. App.—Dallas July 3, 2014, no pet.) (mem. op.). The lien exists even if the lienholder fails to comply with the legislative requirements for a statutory mechanic's lien. *Terraces at Cedar Hill, LLC v. Gartex Masonry & Supply, Inc.,* No. 05-10-00226-CV, 2011 Tex. App. LEXIS 2114, at *6 (Tex. App.—Dallas Mar. 24, 2011, pet denied) (mem. op.).

to constitutional lien-holder status; and the trial court abused its discretion by not removing the challenged liens.

A relator seeking relief by mandamus has the burden of establishing the trial court clearly abused its discretion and it has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135-36 (Tex. 2004). "An appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the detriments." *Id.* at 136.

Section 53.160 provides a summary procedure permitting a trial court to remove a "claim or lien" if the motion demonstrates one of the grounds for invalidity listed in the section. The section requires the court to determine the motion "promptly," and to issue an order either denying relief or removing the claimed lien. The statute expressly forbids an interlocutory appeal of the court's order. TEX. PROP. CODE ANN. § 53.160(e) (West 2014) ("A party to the proceeding may not file an interlocutory appeal from the court's order").

The Texas Supreme Court denied mandamus in *In re Watkins,* 279 S.W.3d 633 (Tex. 2009) (orig. proceeding), a health care liability expert report case. Statute did not permit interlocutory appeal of orders granting an extension of time to correct deficient reports. The court said that granting mandamus to review a trial court action as to which the Legislature had prohibited interlocutory appeal "would subvert the Legislature's limit on such review." *Id.* at 634. We find the court's reasoning applicable here. In our view, the Legislature has weighed the benefits and detriments of immediate review of trial court rulings on motions for summary removal of liens under section 153.160, and its

3

preclusion of interlocutory appeal should not be subverted. *Cf. In re Budget Car Wash,* No. 14-10-00518-CV, 2010 Tex. App. LEXIS 4963, at *2-3 (Tex. App.—Houston [14th Dist.] June 1, 2010, orig. proceeding) (per curiam, mem. op.) (finding relator had adequate remedy by appeal from order requiring payment of certain attorney's fees as discovery abuse sanction because Tex. R. Civ. P. 215.1(d) provides "[s]uch an order shall be subject to review on appeal from the final judgment").

Make Ready points out Texas cases permit mandamus to correct a trial court's erroneous refusal to cancel a lis pendens. *See, e.g., Flores v. Haberman,* 915 S.W.2d 477 (Tex. 1995) (orig. proceeding) (per curiam) (mandamus directing trial court to cancel lis pendens and vacate prior order refusing cancellation). But the rationale expressed in *In re Watkins*, 279 S.W.3d at 634, does not apply to the procedures for cancellation of lis pendens notices, which do not contain the prohibition of interlocutory appeal that the Legislature chose to include in section 53.160. *See* Tex. Prop. Code Ann. § 12.071 ("motion to expunge lis pendens), § 12.008 (procedure for canceling lis pendens during a proceeding) (West 2014).

Exceptional circumstances may make remedy by appeal inadequate even of trial court actions not normally reviewable by mandamus. *See In re Prudential,* 148 S.W.3d at 136. The determination whether an appeal remedy is adequate "is not an abstract or formulaic one; it is practical and prudential. It resists categorization . . . . [R]igid rules are necessarily inconsistent with the flexibility that is the remedy's principal virtue." *Id.* In other words, whether an appellate remedy is adequate, thus precluding mandamus review, "depends heavily on the circumstances presented and is better guided by general principles than by simple rules." *Id.* at 137; *In re Masonite Corp.,* 997 S.W. 2d

4

194, 197 (Tex. 1999) (orig. proceeding) ("But on rare occasions an appellate remedy, generally adequate, may become inadequate because the circumstances are exceptional"); *but see id.* at 202 (Baker, J., dissenting) (discussing public policy considerations and arguing majority opinion permits the interlocutory review otherwise prohibited by statute and rule).

The stipulated facts presented to the trial court relate to the issue whether section 53.026 has application to ASAP's asserted liens. Neither the stipulated facts nor the remaining mandamus record depict some undisputed, exceptional circumstance showing Make Ready lacks an adequate remedy by appeal. Make Ready does not contend, for instance, that leaving the disputed issue for ordinary appeal means a trial amounting to a nullity, its loss of a valuable contractual right, a waste of the parties' time and resources, or a needless burden on judicial resources or the jury system. *See In re McAllen Med. Ctr., Inc.,* 275 S.W.3d 458, 465 (Tex. 2008) (orig. proceeding) (concerning the adequacy of an appellate remedy, relief by mandamus is most often applied in cases "in which the very act of proceeding to trial—regardless of the outcome—would defeat the substantive right involved"); *In re Prudential,* 148 S.W.3d at 136-37 (discussing cases).

We believe the Legislature's prohibition of interlocutory appeals in summary lien-removal proceedings means a party may not otherwise slip in the back door and obtain immediate review by mandamus. If, nevertheless, there might be an order arising from a summary lien-removal proceeding of such exceptional substance that review by mandamus is appropriate, the record before us does not establish this is such a case.

5

Make Ready's petition for writ of mandamus is denied.


James T. Campbell
Justice