**Petition for Writ of Mandamus Granted and Memorandum Opinion filed June 25, 2019.**



In The

# Fourteenth Court of Appeals

### NO. 14-19-00368-CV

## IN RE HOWARD CHONG, Relator

**ORIGINAL PROCEEDING
WRIT OF MANDAMUS
133rd District Court
Harris County, Texas
Trial Court Cause No. 2016-46251**

## MEMORANDUM OPINION

On May 3, 2019, Howard Chong ("Intervenor") filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (Supp.); *see also* Tex. R. App. P. 52. The real parties-in-interest include SMDCHOI, LLC ("Plaintiff"), and Euro General Construction, Inc., Hyung Kyu Yu, and Do Yeon Yu ("Defendants").

In the petition, Intervenor asks this court to compel the Honorable Jaclanel McFarland, presiding judge of the 133rd District Court of Harris County, to vacate

her order denying Intervenor's amended motion to expunge lis pendens and to grant such motion.

We conditionally grant relief.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff and Defendants entered into a Construction Agreement on or about November 2013 to improve twenty-five (25) apartment units of Plaintiff. Plaintiff agreed to pay Defendants $1.5 million and Defendants agreed to furnish all labor and materials to improve the apartments by December 30, 2014.

Plaintiff paid the $1.5 million over the course of construction. Defendant Euro General Construction, Inc. ("Euro"), acting as the general contractor, hired subcontractors to complete the project. Plaintiff alleges that Euro had a contractual and fiduciary obligation to use the payments it received from Plaintiff to pay the subcontractors.

When the project was near completion, Plaintiff learned that there were several subcontractors who had not been paid and had asserted liens against the property totaling approximately $330,000. These liens prevented Plaintiff from obtaining a certificate of occupancy from the county. To extinguish the subcontractor liens, Plaintiff loaned Defendants $330,000 to pay the unpaid subcontractors. Defendants signed an agreement acknowledging that they were responsible to pay the subcontractors and agreed to repay the $330,000 loan. Defendants gave Plaintiff a post-dated check in the amount of $330,000 and an agreed judgment that Plaintiff could file if the check did not clear.

The subcontractors were paid, and they released their liens. However, payment of the $330,000 check was refused due to insufficient funds.

Plaintiff filed suit on July 12, 2016, alleging Defendants failed to complete the apartments by the due date and breached their agreement to repay the $330,000 loan. Plaintiff also filed a notice of lis pendens on August 3, 2016 on the properties that Defendants had purchased with funds which Plaintiff contends should have instead been used to pay subcontractors.

On or about September 27, 2017, Intervenor filed a petition to intervene in the underlying suit to assert rights as to six real properties identified in the notice of the lis pendens. Intervenor alleges he loaned Defendants funds memorialized by promissory notes and secured by first-priority deeds of trust on all six properties and has obtained title to two of these properties through foreclosure.

Intervenor filed an amended motion to expunge the lis pendens. On September 10, 2018, after hearing, the trial court signed an order denying the motion.

## MANDAMUS STANDARD

To obtain mandamus relief, a relator generally must show both that the trial court clearly abused its discretion and that relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). "Under an abuse of discretion standard, we defer to the

trial court's factual determinations if they are supported by evidence, but we review the trial court's legal determinations de novo." *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding). The relator must establish that the trial court could reasonably have reached only one decision, but did not reach that decision. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

## ANALYSIS

### A. Controlling Statute

Section 12.0071(c) of the Property Code provides:

(c) The court **shall** order the notice of lis pendens expunged if the court determines that:

(1) **the pleading on which the notice is based does not contain a real property claim**;

(2) the claimant fails to establish by a preponderance of the evidence the probable validity of the real property claim; or

(3) the person who filed the notice for record did not serve a copy of the notice on each party entitled to a copy under Section 12.007(d).

Tex. Prop. Code Ann. § 12.0071(c) (Supp.) (emphasis added).

In his petition for writ of mandamus, Intervenor relies only on subsection 1, arguing that he is entitled to expungement of the lis pendens because the pleading on which the notice of lis pendens is based does not contain a real property claim.

A real property claim is "an action involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property." *In re Moreno*, No. 14-14-00929-CV, 2015 WL 225049, at *2

(Tex. App.—Houston [14th Dist.] Jan. 15, 2015, orig. proceeding) (per curiam) (mem. op.) (citing Tex. Prop. Code Ann. § 12.007(a)).

## B. Plaintiff's Petition

We examine the plaintiff's petition to determine whether the action is one coming within the provisions of the lis pendens statute. *Hughes v. Houston Northwest Medical Ctr.*, 647 S.W.2d 5, 6 (Tex. App.—Houston [1st Dist.] 1982, writ dism'd w.o.j.) (construing article 6640a, now section 12.0071 of the Property Code).

After the filing of the notice of lis pendens, but before the trial court ruled on the amended motion to expunge the lis pendens, Plaintiff filed a Third Amended Petition.[1] Relevant here are the petition's allegations that Defendants had a fiduciary duty to use funds paid by Plaintiff for the construction project to pay subcontractors, and that Defendants breached this fiduciary duty by using these funds, not to pay subcontractors, but to purchase certain real properties for themselves. Plaintiff also alleges that Defendants breached their agreement to repay the $330,000 loan Defendants used to pay subcontractors. Plaintiff seeks an assignment and an award of Defendants' interest in these real properties on the basis of unjust enrichment.

## C. Plaintiff Has Not Alleged a Real Property Claim

Plaintiff's notice of lis pendens is invalid for two reasons. First, Plaintiff ultimately seeks judgment against Defendants for breach of their agreement to repay the $300,000 loan. This is only a breach of contract claim, not a breach of fiduciary duty

---

[1] We need not decide whether the validity of the lis pendens should be decided based on the pleading on file when the lis pendens was filed (Plaintiff's Original Petition) or the pleading on file when the trial court ruled on the motion to expunge (Plaintiff's Third Amended Petition) because we find that even the more detailed Third Amended fails to allege a real property claim.

claim. "Generally, the relationship between a borrower and a lender does not create a fiduciary duty." *Wakefield v. Bank of Am., N.A.*, No. 14-16-00580-CV, 2018 WL 456721, at *5 (Tex. App.—Houston [14th Dist.] Jan. 18, 2018, no pet.) (citing *Baskin v. Mortgage & Trust, Inc.*, 837 S.W.2d 743, 747 (Tex. App.—Houston [14th Dist.] 1992, writ denied)). Plaintiff's lis pendens is invalid because the facts alleged in its petition do not state a breach of fiduciary claim that would support the award of real property based on unjust enrichment.

Second, the controlling case law indicates that Plaintiff has not alleged a "real property claim" under section 12.0071(c). In *Flores v. Haberman*, 915 S.W.2d 477 (Tex. 1995) (per curiam) (orig. proceeding), the plaintiffs brought a suit for conversion against Flores, alleging that he converted property of the plaintiffs and used the proceeds to buy certain real properties. In their petition, plaintiffs sought the imposition of a constructive trust on the properties and filed notices of lis pendens on the properties. *Id.* at 478. Because the plaintiffs seek a constructive trust in the purchased properties only to satisfy the judgment they seek against Flores, the Texas Supreme Court held the plaintiffs' interest is no more than a collateral interest in the properties and the notices of lis pendens are therefore improper. *Id.* (citing *Moss v. Tennant*, 722 S.W.2d 762, 763 (Tex. App.—Houston [14th Dist.] 1986, orig. proceeding)).[2]

In *Moss*, the plaintiff alleged fraud, traced the proceeds obtained through that fraud to a specific property, filed a notice of lis pendens, and sought to impose a constructive trust on the property "to the extent it was purchased with the proceeds." 722

---

[2] Plaintiff argues that *Flores* is distinguishable because the parties filing the lis pendens sought a constructive trust on the proceeds, not on the real properties. To the contrary, *Flores* is clear that the parties filing the lis pendens sought a constructive trust on the real properties. 915 S.W.2d 477.

S.W.2d at 763. Our court noted that the plaintiff's suit did "not seek recovery to the title to relator's property nor to establish an interest in the [property] except as security for the recovery of . . . damages . . . on his fraud allegation and only to the extent he [could] trace the proceeds" used to purchase of the property. *Id.* Therefore, our court held that the plaintiff's claim was "essentially a prayer for a judgment lien, affects the property only collaterally, and does not come within the provisions of § 12.007." *Id.*[3]

These principles also apply to conversion claims. "Typically, in a conversion suit, the claimant alleges that the proceeds of the converted property were used to purchase real estate and then seeks a constructive trust on that real property. In these cases, the courts have found that imposing a constructive trust on the real estate to satisfy the judgment against the adversary is asserting only a collateral interest in the real property and that a lis pendens is improper." *Countrywide Home Loans, Inc.*, 240 S.W.3d at 6 (citing *In re Wolf*, 65 S.W.3d at 806). "In contrast, where the constructive trust is sought to restore to the aggrieved party the actual property that was misappropriated, the action is seeking to establish an interest in the property itself, so that a lis pendens is appropriate." *Id.* (citing *First Nat'l Petroleum Corp. v. Lloyd*, 908 S.W.2d 23, 25 (Tex. App.—Houston [1st Dist.] 1995, no writ)).

*Flores*, *Moss*, and this case all involve the use of funds obtained from the plaintiff to purchase real property. We do not see a material difference between the plaintiff

---

[3] Similarly, the Beaumont Court of Appeals and the Austin Court of Appeals have held that an action seeking title to property that was purchased with funds converted from the plaintiff is a not a "real property claim" because there is not a sufficient nexus between the subject matter of the claim and the real property. *See In re Wolf*, 65 S.W.3d 804 (Tex. App.—Beaumont 2002, orig. proceeding) and *Countrywide Home Loans, Inc. v. Howard*, 240 S.W.3d 1, 6 (Tex. App.—Austin 2007, pet. denied).

seeking to establish equitable ownership in real property through a constructive trust, as in *Moss* and *Flores*, and Plaintiff seeking legal ownership through unjust enrichment, as in this case. Plaintiff is not seeking to restore real property that was misappropriated from it, but is seeking an interest in real property to satisfy a potential judgment against Defendants. Accordingly, *Flores* and *Moss* indicate that Plaintiff has not alleged a "real property claim" under section 12.0071(c) and Intervenor is entitled to have the lis pendens expunged.

We recognize that two other courts of appeal have held that a lis pendens is proper when the plaintiff seeks an award of an interest in real property purchased with funds wrongfully obtained from the plaintiff based on unjust enrichment or fraud. *See Teve Holdings, Ltd. v. Jackson,* 763 S.W.2d 905, 908 (Tex. App.—Houston [1st Dist.] 1988, no writ) (which was decided before *Flores*); *In re Cohen*, 340 S.W.3d 889, 898–99 (Tex. App.—Houston [1st Dist.] 2011, orig. proceeding) (which relies on *Jackson*); and *Long Beach Mortgage Co. v. Evans*, 284 S.W.3d 406, 414 (Tex. App.—Dallas 2009, pet. denied) (which relies on *Jackson*). However, we do not follow these decisions because they are inconsistent with *Flores* and *Moss*. Again, we do not see a material difference between seeking equitable ownership and seeking legal ownership of real property; they both are means by which the plaintiff seeks to recover judgment against the defendant for fraud or conversion.

## C. Not Necessary to Show Inadequate Remedy by Appeal

In *Moss*, 722 S.W.2d at 763, our court explained that because an improper lis pendens is a void action, the availability of other remedies will not prevent issuance of mandamus. *See also Helmsley-Spear of Texas, Inc. v. Blanton*, 699 S.W.2d 643, 645 (Tex. App.—Houston [14th Dist.] 1985, orig. proceeding) (lis pendens that does

not come within the provisions of § 12.007 is void); *Prappas v. Meyerland Com. Imp. Ass'n.*, 795 S.W.2d 794, 796 (Tex. App.—Houston [14th Dist.] 1990, writ denied) (When there is no basis to support a lis pendens, the affected party may seek mandamus relief).

## CONCLUSION

For these reasons, we conditionally grant the petition for writ of mandamus, and direct the trial court to expunge Plaintiff's notice of lis pendens as provided for by section 12.0071(c). We are confident the trial court will act in accordance with this opinion. The writ of mandamus shall issue only if the trial court fails to do so.


/s/         Tracy Christopher
               Justice


Panel consists of Justices Christopher, Bourliot, and Zimmerer.