

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00064-CV

Jo Ann **RIVERA** and Philip Martin Ross,
Appellants

v.

**SWAMINARAYAN GURUKUL-USA**, a Texas Corporation,
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2022-CI-13129
Honorable Cynthia Marie Chapa, Judge Presiding

Opinion by:   Beth Watkins, Justice

Sitting:   Patricia O. Alvarez, Justice
Beth Watkins, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: August 23, 2023

AFFIRMED

Appellants Jo Ann Rivera and Philip Martin Ross challenge the trial court's denial of their motions to dismiss appellee Swaminarayan Gurukul-USA's counterclaim against Rivera and third-party claim against Ross under the Texas Citizens' Participation Act. We affirm.

## BACKGROUND

Rivera and Swaminarayan own adjoining tracts of land in San Antonio. On July 13, 2022, Rivera sued Swaminarayan and several individual defendants who are not party to this appeal for nuisance and conspiracy. At that time, Ross was Rivera's attorney.

On July 14, 2022, Ross, acting on Rivera's behalf, filed a Notice of Lis Pendens in the public records of Bexar County (the first lis pendens). The first lis pendens listed the style and cause number of Rivera's lawsuit and the legal description of Swaminarayan's property. It stated Rivera's lawsuit "involve[d] claims against the owner of" Swaminarayan's property for which Rivera sought "affirmative relief . . . including recovery of substantial damages against the owner of the property and/or net proceeds from the sale of the property pursuant to her claims and/or a prospective judgment in this case." Swaminarayan's treasurer, Vimal Gajera, contends that Swaminarayan learned of the first lis pendens when Ross handed Gajera a copy and told him Rivera would release it for $250,000.

On September 30, 2022, Swaminarayan filed a counterclaim against Rivera, alleging the first lis pendens constituted a fraudulent lien against its property. That same day, Ross filed a release of the first lis pendens in the Bexar County public records.

On October 11, 2022, Ross filed a second Notice of Lis Pendens in the Bexar County public records (the second lis pendens). The second lis pendens identified the style and cause number of Rivera's lawsuit and stated:

> Such proceeding involves an action authorized by Texas Civil Practice and Remedies Code, Section 125.002(a) to abate a common nuisance described at Section 125.0015 against the owner of real property and improvements situated in San Antonio, Bexar County, Texas, described as [the legal description of Swaminarayan's property]. Section 125.002(g) expressly authorizes the filing of a notice of lis pendens.

On October 27, 2022, Swaminarayan filed a third-party petition against Ross. Like its counterclaim against Rivera, Swaminarayan's third-party claim against Ross alleged the lis pendens was a fraudulent lien on Swaminarayan's property.

Rivera and Ross filed separate, but substantively identical, motions to dismiss Swaminarayan's counterclaim and third-party claim pursuant to the TCPA. After a hearing, the trial court denied Rivera's and Ross's motions. Rivera and Ross now appeal.

## ANALYSIS

### *Standard of Review and Applicable Law*

We review a trial court's denial of a TCPA motion to dismiss de novo. *Robert B. James, DDS, Inc. v. Elkins*, 553 S.W.3d 596, 603 (Tex. App.—San Antonio 2018, pet. denied). In reviewing a ruling on a TCPA motion, "[w]e view the pleadings and evidence in the light most favorable to the nonmovant." *Id.*

A motion to dismiss under the TCPA is subject to a three-part analysis. First, the movant must demonstrate by a preponderance of the evidence that the respondent's "legal action is based on or is in response to [the movant's] exercise of the right of free speech, right to petition, or right of association[.]" TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(a). If the movant shows the TCPA applies, the burden shifts to the respondent to "establish[] by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(c). If the respondent establishes its prima facie case, the burden shifts back to the movant to "establish[] an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law." *Id.* § 27.005(d).

### *Application*

In four issues we construe as three, Rivera and Ross argue the trial court erred by denying their TCPA motions. In their first issue, they contend they met their burden to show the TCPA applied to Swaminarayan's fraudulent lien claims. We need not resolve that question, because even if we assume the TCPA applies, our resolution of the remaining issues is dispositive and requires

us to affirm the trial court's order. *See* TEX. R. APP. P. 47.1; *Schlumberger Ltd. v. Rutherford*, 472 S.W.3d 881, 891 (Tex. App.—Houston [1st Dist.] 2015, no pet.).

*Did Swaminarayan present prima facie evidence of its claims?*

In their second issue, Rivera and Ross argue Swaminarayan failed to establish a prima facie case of the elements of its fraudulent lien claims. TEX. CIV. PRAC. & REM. CODE § 27.005(c).

### A.      The respondent's evidentiary burden under the TCPA

The TCPA does not define "clear and specific evidence." *See id.*; *In re Lipsky*, 460 S.W.3d 579, 588 (Tex. 2015). However, this evidentiary standard neither "impose[s] a higher burden of proof than that required of the plaintiff at trial" nor "require[s] direct evidence of each essential element of the underlying claim to avoid dismissal." *In re Lipsky*, 460 S.W.3d at 591.[1] "Instead, a plaintiff must provide enough detail to show the factual basis for its claim." *Id.*

The TCPA also does not define "prima facie case," but that term "has a traditional legal meaning." *Id.* at 590. A TCPA respondent establishes a prima facie case by presenting "the minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true." *Id.* (internal quotation marks omitted). The respondent is not required to "marshal all of its evidence" to meet this burden. *See Enter. Crude GP LLC v. Sealy Partners, LLC*, 614 S.W.3d 283, 305 (Tex. App.—Houston [14th Dist.] 2020, no pet.); *see also Better Bus. Bureau of Metro. Hous., Inc. v. John Moore Servs., Inc.*, 441 S.W.3d 345, 354–55 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (describing the TCPA's prima facie burden as "minimal").

---

[1] In their brief, Rivera and Ross repeatedly argue that Swaminarayan did not present "clear and convincing" evidence below. The Texas Supreme Court has explicitly held that a TCPA respondent's burden to present "clear and specific" evidence is "not legally synonymous" with the similar-sounding clear and convincing evidence standard. *In re Lipsky*, 460 S.W.3d at 589.

B.      Required elements of Swaminarayan's fraudulent lien claims

Swaminarayan's fraudulent lien claims arise from section 12.002 of the Texas Civil Practice and Remedies Code, which provides:

A person may not make, present, or use a document or other record with:

(1)     knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property;

(2)     intent that the document or other record be given the same legal effect as a court record or document of a court created by or established under the constitution or laws of this state or the United States or another entity listed in Section 37.01, Penal Code, evidencing a valid lien or claim against real or personal property or an interest in real or personal property; and

(3)     intent to cause another person to suffer . . . financial injury[.]

TEX. CIV. PRAC. & REM. CODE ANN. § 12.002(a). While section 12.002 does not define "fraudulent," our sister court recently concluded a lien is fraudulent for purposes of that statute if it was "created in bad faith or with dishonesty, a lack of integrity, or moral turpitude." *Nationstar Mortg. LLC v. Barefoot*, 654 S.W.3d 440, 445–47 (Tex. App.—Houston [14th Dist.] 2021, pet. denied). "A lis pendens may form the basis of a fraudulent lien claim." *James v. Calkins*, 446 S.W.3d 135, 150 (Tex. App.—Houston [1st Dist.] 2014, pet. denied), *abrogated on other grounds by Montelongo v. Abrea*, 622 S.W.3d 290, 299 n.12 (Tex. 2021).

C.      The evidence presented below

*1.      Knowledge that the lis pendens was a fraudulent lien or claim*

"A lis pendens has been called the functional equivalent of an involuntary lien because it acts as a cloud on title." *Countrywide Home Loans, Inc. v. Howard*, 240 S.W.3d 1, 5 (Tex. App.—Austin 2007, pet. denied) (internal quotation marks omitted). "A party may file a lis pendens during the pendency of an action involving: 1) title to real property, 2) the establishment of an interest in real property, or 3) the enforcement of an encumbrance against real property." *Flores v. Haberman*,

915 S.W.2d 477, 478 (Tex. 1995) (per curiam) (citing TEX. PROP. CODE ANN. § 12.007(a)). Unless an interest in the property itself is the subject matter of the litigation, a potential judgment against the property's owner is a collateral interest that will not support the filing of a lis pendens. *See id.*; *Long Beach Mortg. Co. v. Evans*, 284 S.W.3d 406, 413–14 (Tex. App.—Dallas 2009, pet denied).

Here, the first lis pendens stated that Rivera claimed an interest in the proceeds of any sale of Swaminarayan's property. But in their affidavits in support of their TCPA motions, both Rivera and Ross confirmed that they knew Rivera was not asserting a claim to Swaminarayan's property—they both averred that Rivera was "not suing to obtain title to the Temple property or to prevent its sale." Ross made similar representations during the TCPA hearing. They both recited, repeatedly, that the lis pendens was "legally justified" and "authorized," but they also both contended that a lis pendens "is just a notice that this lawsuit is pending." That is, plainly, not the purpose of a lis pendens. *See Flores*, 915 S.W.2d at 478 (describing limited circumstances in which lis pendens may be filed); *see also* TEX. PROP. CODE § 12.007(a). This evidence provided enough detail to support a rational inference that Rivera and Ross knew the first lis pendens asserted a bad faith or dishonest claim against Swaminarayan's property. *See In re Lipsky*, 460 S.W.3d at 590; *Nationstar*, 654 S.W.3d at 445–47; *cf., e.g.*, *Flores*, 915 S.W.2d at 478.

The second lis pendens did not explicitly state that Rivera sought to recover from a sale of Swaminarayan's property. However, it asserted that section 125.002(g) of the Texas Civil Practice and Remedies Code "expressly authorize[d]" its filing. Section 125.002(g) allows a petitioner who has asserted a nuisance claim to "file a notice of lis pendens *and* a certified copy of an order of the court in the office of the county clerk in each county in which the land is located." TEX. CIV. PRAC. & REM. CODE ANN. § 125.002(g) (emphasis added). Section 125.002(g) further provides that a lis pendens and court order filed pursuant to that section serve to put the public on "notice of the terms of the order" and to bind "subsequent purchasers and lienholders" to the order's terms. *Id.*; *cf.*

*Flores*, 915 S.W.2d at 478. Here, Rivera and Ross did not file a "certified copy of an order of the court" with the second lis pendens, and it is undisputed that no such order existed at any time relevant to this appeal.

Rivera and Ross contend that they interpreted section 125.002(g) as permitting them to file a lis pendens without a court order and that Swaminarayan did not present any evidence to rebut their subjective interpretation on this point. Rivera and Ross ignore, however, that section 125.002(g) also requires a lis pendens to "conform to the requirements of Section 12.007, Property Code[.]" *See* TEX. CIV. PRAC. & REM. CODE § 125.002(g). Section 12.007 provides, inter alia, that a lis pendens may be filed "in an eminent domain proceeding . . . or during the pendency of an action involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property[.]" TEX. PROP. CODE ANN. § 12.007(a); *see also Flores*, 915 S.W.2d at 478. "To satisfy section 12.007, the suit on which the lis pendens is based must claim a direct interest in real property[.]" *Long Beach Mortg.*, 284 S.W.3d at 414. Again, Rivera and Ross have conceded that Rivera's lawsuit did not claim a direct interest in Swaminarayan's property. Based on this concession, a factfinder could rationally infer that they knew the second lis pendens did not conform to the requirements of section 12.007 and therefore was not authorized by section 125.002(g). *See* TEX. CIV. PRAC. & REM. CODE § 125.002(g); TEX. PROP. CODE § 12.007(a); *Flores*, 915 S.W.2d at 478.

Rivera and Ross argue on appeal that "a lien may be invalid and unenforceable but not necessarily fraudulent." As support for this proposition, they primarily rely on authority holding that a fraudulent lien plaintiff was not entitled to summary judgment because the evidence did not conclusively establish the lien was fraudulent. *See Walker & Assocs. Surveying, Inc. v. Roberts*, 306 S.W.3d 839, 849 (Tex. App.—Texarkana 2010, no pet.). But Swaminarayan was not required to conclusively prove the required elements of its claim to defeat Rivera and Ross's TCPA

motions. *See, e.g.*, *In re Lipsky*, 460 S.W.3d at 590. Even if we assume a factfinder may eventually reject Swaminarayan's evidence that Rivera and Ross acted dishonestly and/or in bad faith, at this stage of the litigation, we must view the evidence in the light most favorable to Swaminarayan. *See Elkins*, 553 S.W.3d at 603.

For these reasons, the trial court did not err by concluding Swaminarayan met its burden to make a prima facie case on the first element of its fraudulent lien claims. *See* TEX. CIV. PRAC. & REM. CODE § 12.002(a)(1); *In re Lipsky*, 460 S.W.3d at 590.

> 2.    *Intent that the document be given legal effect*

The second element of Swaminarayan's fraudulent lien claims required it to make a prima facie showing that Rivera and Ross intended for the lis pendens to "be given the same legal effect as a court record or document of a court . . . evidencing a valid lien or claim" on Swaminarayan's property. TEX. CIV. PRAC. & REM. CODE § 12.002(a)(2). As a matter of Texas law, a properly filed lis pendens operates to prevent the unencumbered transfer of the property at issue, "is notice to the world of its contents," and "is effective from the time it is filed for record[.]" TEX. PROP. CODE ANN. § 13.004; *see also* TEX. CIV. PRAC. & REM. CODE § 125.002(g) (lis pendens filed in connection with nuisance claim "constitutes notice as provided by Section 13.004, Property Code"). Because it is undisputed that Rivera and Ross filed two lis pendens regarding Swaminarayan's property, a factfinder could rationally infer that they intended for those documents to be given the same legal effect as a court record showing a valid lien on the property. *See* TEX. PROP. CODE § 13.004; TEX. CIV. PRAC. & REM. CODE § 12.002(a)(2); *cf. Countrywide Home Loans*, 240 S.W.3d at 5. The trial court therefore did not err by concluding Swaminarayan met its burden to make a prima facie case on the second element of its fraudulent lien claims. *See In re Lipsky*, 460 S.W.3d at 590.

### 3. *Intent to cause financial injury*

The final element of Swaminarayan's fraudulent lien claims required a prima facie showing that Rivera and Ross filed the lis pendens with intent to cause financial injury to Swaminarayan. TEX. CIV. PRAC. & REM. CODE § 12.002(a)(3). Swaminarayan presented evidence that Ross personally handed the first lis pendens to Gajera and stated that Rivera would release it for $250,000. Swaminarayan also presented evidence that this encounter occurred while Gajera was at the property waiting to show it to a potential buyer. This evidence would allow a rational factfinder to conclude that Rivera and Ross intended the first lis pendens to cause financial injury. *See Dall. Morning News, Inc. v. Hall*, 579 S.W.3d 370, 377 (Tex. 2019) (TCPA respondent may rely on circumstantial evidence that supports reasonable inference).

It is true that Rivera and Ross eventually released the first lis pendens without receiving any payment. However, the release document stated on its face that they did so solely because they believed they had not timely served the first lis pendens on all the property's owners, and they filed the second lis pendens less than two weeks later. Ross told the trial court he filed the second lis pendens because "[i]f the property is going to continue to be used as a church,[2] *anybody that would want to rent or lease the property* would want to know that the property has been used" for the "criminal activities" alleged in Rivera's lawsuit. (emphasis added). This statement, when viewed in the light most favorable to Swaminarayan, supports a rational inference that Rivera and Ross knew the lis pendens would affect potential buyers' willingness to purchase the property. *See Taylor Elec. Servs., Inc. v. Armstrong Elec. Supply Co.*, 167 S.W.3d 522, 531–32 (Tex. App.—Fort Worth 2005, no pet.) (defendant's awareness "of the potential harm filing a lien on any of the [] property could have" supported fraudulent lien judgment). This evidence, especially when

---

[2] Swaminarayan previously used its property as a religious temple.

viewed in light of the previous demand for payment to release the lis pendens, would permit a rational factfinder to conclude Rivera and Ross filed the lis pendens with the intent to cloud the property's title or otherwise hinder its sale. *See id.*; *cf. Countrywide Home Loans*, 240 S.W.3d at 5. The trial court did not err by concluding this evidence was sufficient to satisfy Swaminarayan's TCPA burden on the third element of its fraudulent lien claims. *See In re Lipsky*, 460 S.W.3d at 590.

*Did Rivera and Ross establish an affirmative defense as a matter of law?*

In their third issue, Rivera and Ross argue the trial court should have granted their TCPA motions because they established an affirmative defense to Swaminarayan's claims as a matter of law. TEX. CIV. PRAC. & REM. CODE § 27.005(d). The only affirmative defense Rivera and Ross raised in their TCPA motions was that the lis pendens were authorized by section 125.002(g) of the Texas Civil Practice and Remedies Code. As explained above, however, by requiring a lis pendens to comply with section 12.007 of the Texas Property Code, section 125.002(g) provides that a lis pendens may only be filed in cases that involve a direct claim to the property at issue. TEX. CIV. PRAC. & REM. CODE § 125.002(g); TEX. PROP. CODE ANN. § 12.007(a). Because it is undisputed that Rivera's lawsuit did not involve a direct claim to Swaminarayan's property, Rivera and Ross did not establish as a matter of law that section 125.002(g) operates as an affirmative defense to Swaminarayan's fraudulent lien claims.

## CONCLUSION

We affirm the trial court's orders denying Rivera's and Ross's TCPA motions.

Beth Watkins, Justice